506 So.2d 1121 (1987)
Michael S. MICK, Appellant,
v.
STATE of Florida, Appellee.
No. BO-47.
District Court of Appeal of Florida, First District.
May 6, 1987.
*1122 Michael Allen, Public Defender, Phil Patterson, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Mick appeals from sentences imposed following adjudication of guilt for dealing in stolen property and grand theft. He contends the trial court erred in sentencing him to consecutive two-year terms of community control. We affirm.
Mick was charged in five informations with a total of five counts of burglary of a dwelling, six counts of grand theft, and one count of dealing in stolen property. He entered into a plea bargain whereby he pleaded nolo contendere to dealing in stolen property and guilty to four counts of grand theft, each plea entered to one count in each of the five informations. The State dropped the remaining charges.
The trial court adjudicated Mick guilty on each count pleaded to, and sentenced him to two years community control for dealing in stolen property with the condition that he serve three months in the county jail. The trial court also imposed a two-year term of community control for one of the grand theft offenses, the term to run consecutive to the community control term imposed for dealing in stolen property. Finally, the trial court sentenced Mick to five years probation on each of the three remaining grand thet counts, the terms to run concurrently with each other but consecutive to the two terms of community control.
The issue before us is whether Section 948.01(5), Florida Statutes (1985), limits the duration of community control to a single two-year period when the defendant is sentenced at the same sentencing hearing for multiple offenses charged in separate informations. Two years is the maximum permissible period of community control for any one offense, Davis v. State, 461 So.2d 1003 (Fla. 1st DCA 1984), but we find nothing in the language of the statute that limits the duration of community control to a total of two years where sentences are imposed for multiple offenses charged in separate informations. The statute refers to the singular "offense," not to "offenses." On the facts of this case, the two-year limitation operates as a cap on the period of community control that may be imposed for each offense, not as a limitation on the total sentence.
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.