PER CURIAM.
This is an appeal by the defendant Randall G. Antosh from a conviction for the misdemeanor of discharging a firearm in public [§ 790.15, Fla.Stat.(1985) ] and an order placing the defendant on one-year probation. We affirm the conviction and probation order under review, but strike a probationary condition imposed by the trial court which requires the defendant to make a $2,500 contribution to a named charity. We reach this result based on the following briefly stated legal analysis.
*1159 First, we see no merit in the defendant’s central contention that the crime for which he was convicted was not a proper lesser included offense in the crime for which he was charged in the information. This is so because (1) the defendant did not object to a jury charge below on discharging a firearm in public as a lesser offense, and (2) the offense of discharging a firearm in public is lesser in degree and penalty than the offense charged in the information. Ray v. State, 403 So.2d 956, 961 (Fla.1981).
Second, we see no merit in the defendant’s contention that the trial court erred in refusing to instruct the jury on the offense of carrying a concealed weapon as, plainly, this was not a category one or category two lesser offense in the crime charged in the information. This being so, no charge on this offense was required. See Hall v. State, 460 So.2d 428 (Fla. 1st DCA 1984), review denied, 469 So.2d 749 (Fla.1985); Green v. State, 459 So.2d 351 (Fla. 2d DCA 1984); San Fratello v. State, 154 So.2d 327 (Fla. 2d DCA 1963). The remaining point concerning a jury question has no merit and requires no discussion.
Third, there is no statutory authority which authorizes a trial court to impose as a condition of probation that the defendant make a contribution to a charity, as here. This being so, the probationary condition imposed in this case that the defendant make a $2,500 contribution to “The Deed Club” cannot stand. See Williams v. State, 505 So.2d 478 (Fla. 2d DCA 1987); Donald & Bales Exterminating, Inc. v. State, 487 So.2d 78 (Fla. 1st DCA 1986); Purvis v. State, 442 So.2d 1085 (Fla. 2d DCA 1983).
The conviction and probation order under review is affirmed, save for the probation condition that the defendant make a $2,500 charitable contribution to “The Deed Club,” which condition is hereby stricken from the order of probation.
Affirmed as modified.