538 So.2d 923 (1989)
Felix SANCHEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-195.
District Court of Appeal of Florida, Fifth District.
February 2, 1989.
Rehearing Denied February 28, 1989.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
After the defendant Felix Sanchez was tried by jury and found guilty of burglary and dealing in stolen property, he was sentenced *924 to "two years (community control) on each count and followed by three years probation on each count to run consecutive, one to the other." The defendant's recommended guidelines sentence was community control or twelve to thirty months incarceration.
On appeal, the defendant contends that his sentence is improper on three grounds. First, the defendant argues that since his recommended guidelines sentence was community control or twelve to thirty months incarceration, the imposition of community control and probation constitutes a departure sentence which is improper in the absence of written reasons. This argument is without merit. See Hankey v. State, 529 So.2d 736 (Fla. 5th DCA 1988). See also Fla.R.Crim.P. 3.701(d)(13) committee note.
The defendant also contends that the length of community control is restricted to two years and therefore the trial court was without authority to impose consecutive terms of community control. We conclude that section 948.01(5), Florida Statutes (1987)[1] does not limit the duration of community control to a single two year period when the defendant is sentenced at the same sentencing hearing for multiple offenses but rather, two years is the maximum permissible period of community control for any one offense. See Mick v. State, 506 So.2d 1121 (Fla. 1st DCA 1987).
Finally, the defendant contends that the sentence is flawed because it requires him to first serve community control for two years to be followed by three years probation and then be recalled to serve another two year term of community control followed by three years probation. The defendant contends that this is similar to the interrupted sentence imposed and rejected in Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988).
In Calhoun, the defendant was convicted and sentenced in two cases involving burglary. His recommended guidelines sentence was seven to nine years imprisonment. The trial judge imposed two consecutive split sentences, that is, five years incarceration and two years probation in one case, followed by a consecutive split sentence of four years and two years probation in the second case. The second district pointed out that both sentences exceeded the statutory maximum for the third degree felony charged in each case, which was five years. The court also noted that in order to conform to the judgments as written, the defendant would have to serve five years imprisonment, be released to serve two years probation, then be "recalled" to serve four more years imprisonment before again being released to serve two years probation. The court noted that such an interrupted sentence is not allowed under Florida Statutes. Since community control is a harsh and more severe alternative to ordinary probation, see State v. Mestas, 507 So.2d 587 (Fla. 1987), an interrupted sentence involving community control and probation is likewise improper.
In response, the state claims that this is not an interrupted sentence but rather the court imposed two consecutive terms of community control followed by two consecutive terms of probation. In other words, the court imposed four years of community control followed by six years probation. We are unable to discern the trial court's intention from the record and accordingly we vacate the defendant's sentences and remand for resentencing. On remand, we direct the trial court to clearly indicate the sanction imposed for each offense.
REVERSED AND REMANDED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] This section provides in part as follows: "The sanctions imposed by order of the court shall be commensurate with the seriousness of the offense. When community control or a program of public service is ordered by the court, the duration of community control supervision or public service may not be longer than the sentence that could have been imposed if the offender had been committed for the offense or a period not to exceed two years, whichever is less."