551 So.2d 1247 (1989)
Vanessa TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-920.
District Court of Appeal of Florida, Fifth District.
October 26, 1989.
James B. Gibson, Public Defender and Kathryn Rollison Radtke, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Fleming Lee, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Turner appeals from her sentences received for possession of cocaine[1] after revocation of probation, and battery on a law enforcement officer.[2] The trial judge sentenced Turner to the statutory maximum term of five years on the first crime,[3] to be split by twenty-four months in jail and thirty-six months on probation. For the battery, Turner was sentenced to 364 days in jail, to be served consecutive to the first sentence by virtue of section 921.16 Florida. Statutes 1987.
Turner raises various points on appeal, which we find without merit. The scoresheet for both crimes placed her in a presumptive sentence bracket of twelve to thirty months or community control. Because a violation of probation was involved, *1248 the trial judge could depart upwards one bracket to 2 1/2 to 3 1/2 years of incarceration without providing written reasons for departure. See Florida Rule of Criminal Procedure 3.701 d. 14. Furthermore, the trial judge also could have applied the amendment to Florida Rule of Criminal Procedure 3.701 d. 11., which permits a departure upwards one bracket without written reasons for crimes committed after July 1, 1988. The battery was committed after that date.
However, we agree that the sequencing of the sentences poses a problem in this case. The imprisonment segments of consecutive sentences cannot be interrupted by probation. See Gill v. State, 550 So.2d 72 (Fla. 2nd DCA 1989); Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988); cf. Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989)(interrupted sentence involving community control and probation is likewise improper). Furthermore, the nonincarcerative portion of a split sentence must immediately follow the prison sanction. Lanier v. State, 504 So.2d 501, 502-503 (Fla. 1st DCA 1987); Rozmestor v. State, 381 So.2d 324 (Fla. 5th DCA 1980). As in Sanchez we remand to the trial court for resentencing.
QUASH sentences; REMAND for resentencing.
COBB and GOSHORN, JJ., concur.
NOTES
[1] § 893.13(1)(f), Fla. Stat. (1987).
[2] § 784.07(2), Fla. Stat. (1987).
[3] § 775.082(3)(d), Fla. Stat. (1987).