558 So.2d 1091 (1990)
Frederick Lorenzo LONG, Appellant,
v.
STATE of Florida, Appellee.
No. 89-657.
District Court of Appeal of Florida, Fifth District.
March 29, 1990.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, who was sentenced pursuant to Florida's new Habitual Felony Offender Act,[1] challenges the constitutionality of that act on multiple grounds. The first two grounds  due process and equal protection  were dealt with in our recent opinion in King v. State, 557 So.2d 899 (Fla. 5th DCA 1990).
Long also contends that section 775.084 of the Habitual Felony Offender Act violates the eighth amendment to the United States Constitution, which proscribes cruel and unusual punishment. He complains that the sentence of eight years was disproportionate to the crime committed, even though this was his fourth felony. Long cites Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), for support. In Solem, the court held that a life sentence without parole for uttering a $100.00 bad check under a South Dakota recidivism statute based on six prior non-violent convictions violated the eighth amendment. *1092 In Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987), and Mick v. State, 506 So.2d 1121 (Fla. 1st DCA 1987), the First DCA found that Solem applied only to non-violent felonies. In State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), approved, 558 So.2d 1 (Fla. 1990), the court stated:
The state also finds Solem an anomalous departure from the axiom that whatever views the courts may entertain regarding severity of punishment, punishment is peculiarly a question of legislative policy. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).
In any event, even if Solem does apply to the instant facts because "burglary" is found to be "non-violent," the criteria for proportionality analysis outlined in Solem have not been met by Long. There has been no showing that other jurisdictions impose less severe sentences for habitual offenders who are similarly situated, nor has there been a showing that the sentence is particularly harsh (unlike the life sentence in Solem). See also 14 Fla.Jur.2d, Criminal Law, § 336 (1979).
Additionally, the defendant complains that he was sentenced illegally because the court file did not contain a copy of the notice of the state's intent to seek to have the defendant sentenced as a habitual offender. No contention was raised below or here that notice was not sent and received. Section 775.084(3)(b), Florida Statutes (1987) only requires notice be served on defendant and his counsel. However, filing of this notice is required by Rule 3.030(c), Florida Rules of Criminal Procedure. Where the statutory requirements are met, the failure to file a copy is not fatal to habitual offender enhancement sentencing. On the other hand, in a proper case, where service is an issue, the lack of proof of notice in the court file may be relevant. If the state is not filing these notices because of the absence of an express requirement in the statute, their attention is drawn to the rule.
Finally, Long argues that there were no written reasons for the habitual offender determination. To the contrary, section 775.084 contains no such requirement. A trial judge may properly impose a habitual offender sentence by making the statutorily required findings in a reported judicial proceeding. Parker v. State, 546 So.2d 727, 729 (Fla. 1989). At the sentencing hearing on March 1, 1989, the trial judge received evidence of Long's prior convictions and made a finding that Long was a habitual felony offender (in open court).
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] See Ch. 88-131, § 6, Laws of Fla. eff. Oct. 1, 1988, now codified as § 775.084.