567 So.2d 428 (1990)
John Donahue CRAWFORD, Petitioner,
v.
STATE of Florida, Respondent.
No. 75822.
Supreme Court of Florida.
September 20, 1990.
Barbara M. Linthicum, Public Defender, and Paula S. Saunders, Assistant Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and William A. Hatch, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
We review Crawford v. State, 558 So.2d 1100, 1100 (Fla. 1st DCA 1990), to resolve the following question, which the district court of appeal certified as being of great public importance:
Does Section 948.01(5), Florida Statutes (Supp. 1988) limit the duration of community control to a single two-year period when the defendant is sentenced at the same sentencing hearing for multiple offenses charged in a single information?
We have jurisdiction under article V, section 3(b)(4), Florida Constitution.
Crawford was convicted of possession of cocaine in 1988 and placed on probation. In 1989 he was charged with burglary of a conveyance and petit theft as well as with violating his probation. He pleaded guilty *429 to all charges. The trial court sentenced him to two years of community control for possession of cocaine and two more years of community control for burglary, with the terms to run consecutively. The district court of appeal affirmed the sentences.
Crawford does not contend that his sentences exceeded the range of the sentencing guidelines. However, he argues that section 948.01(5), Florida Statutes (Supp. 1988), limits the duration of community control to two years, irrespective of the fact that the two charges of which he was convicted were unrelated. The statute reads, in pertinent part:
(5) The sanctions imposed by order of the court shall be commensurate with the seriousness of the offense. When community control or a program of public service is ordered by the court, the duration of community control supervision or public service may not be longer than the sentence that could have been imposed if the offender had been committed for the offense or a period not to exceed 2 years, whichever is less.
We disagree with Crawford's interpretation. The statute means exactly what it says: For any one offense, community control may be imposed for a maximum of two years. See Davis v. State, 461 So.2d 1003 (Fla. 1st DCA 1984). In this case there were two discrete, separate crimes. The statute does not speak to multiple charges and it does not prohibit consecutive sentences. Other courts have reached the same conclusion. Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989); Mick v. State, 506 So.2d 1121 (Fla. 1st DCA 1987).
Crawford's reliance on Allen v. State, 526 So.2d 69 (Fla. 1988), is misplaced. In that case we construed the Youthful Offender Statute as placing a six-year maximum on commitments under the act regardless of the number of crimes which had been committed. Section 948.01(5) places no such limitation on the imposition of community control. When separate crimes have been committed, there would be no more reason to preclude consecutive two-year terms of community control than there would be to prohibit consecutive prison sentences.
We answer the certified question in the negative and approve the decision of the district court of appeal.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.