DIAMANTIS, Judge.
Defendant appeals from the sentences imposed on him after he was convicted of three offenses of sale or delivery of cocaine in violation of section 893.13(l)(a)(l), Florida Statutes (1989). Defendant raises two issues on appeal, one of which we find has merit. Therefore, we vacate defendant’s sentences and remand this case to the trial court for resentencing.
After defendant was adjudicated an habitual offender he received three written consecutive split sentences of 3¥2 years incarceration followed by twenty years probation. However, at the sentencing hearing the trial court indicated that the probation imposed in each split sentence would be served concurrently. The probation orders reflect this same intent and are at variance with the written sentences. The written sentences imposed by the trial court are invalid because these sentences as imposed result in consecutive periods of incarceration interrupted by probation. Dykes v. State, 576 So.2d 847 (Fla. 5th DCA 1991); Turner v. State, 551 So.2d 1247 (Fla. 5th DCA 1989).
The state argues that the oral sentences are valid and that we should merely remand to correct a scrivener’s error because “verbal pronouncements prevail over clerical errors” in written sentences. See Wilkins v. State, 543 So.2d 800, 802 (Fla. 5th DCA), rev. den., 554 So.2d 1170 (Fla.1989). While we agree with the proposition that verbal pronouncements prevail over clerical errors in written sentences, we reject this proposition’s applicability to the instant case because when a defendant receives a split sentence, the non-incarcerative portion must immediately follow the prison sanction. Turner, 551 So.2d at 1248; Lanier v. State, 504 So.2d 501, 502-503 (Fla. 1st DCA 1987).
Accordingly, we vacate the defendant’s three sentences and remand for resentenc-ing.
Sentences VACATED; REMANDED for resentencing.
DAUKSCH and GOSHORN, JJ., concur.