DIAMANTIS, Judge.
Appellant William Weaver timely appeals his sentence following entry of his pleas of nolo contendere to two counts of grand theft,[1] two counts of uttering a false or forged instrument,[2] and one count of dealing in stolen property.[3] We affirm in part, reverse in part, and remand this cause for further proceedings consistent with this opinion.
Following appellant’s pleas of nolo con-tendere, appellant and the prosecutor stipulated that appellant scored a total of forty-one points on the applicable guidelines scoresheet. The trial court ordered appellant to serve three consecutive two-year terms of community control followed by two five-year terms of probation, to be served concurrently with two terms of community control. As a special condition of community control, the trial court ordered that appellant shall have no association or contact of any kind with females over sixty (60) years of age.
Appellant first contends that his sentence is improper because the aggregate of six years community control constitutes a departure from the sentencing guidelines for which no written reasons were provided. We agree.
The maximum permissible period of community control for any one offense is two years, and consecutive two-year sentences of community control have been permitted for multiple offenses. See Crawford v. State, 567 So.2d 428 (Fla.1990); Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989); Mick v. State, 506 So.2d 1121 (Fla. 1st DCA 1987); Davis v. State, 461 So.2d 1003 (Fla. 1st DCA 1984). However, section 948.01(5) of the Florida Statutes (1989) states, in pertinent part:
When community control or a program of public service is ordered by the court, the duration of community control supervision or public service may not be longer than the sentence that could have been imposed if the offender had been committed for the offense or a period not to exceed two years, whichever is less, (emphasis added).
The imposition of community control for a total period of six years exceeds the permitted guidelines range of community control or up to 4½ years of incarceration.[4] See Fla.R.Crim.P. 3.988(f) (Category 6). However, there is no indication in the record that the trial court considered this sentence to be a departure from the sentencing guidelines. We reverse and re *656 mand this cause to allow the trial court to consider whether departure is appropriate and, if so, to set forth valid reasons for departure. State v. Betancourt, 552 So.2d 1107 (Fla.1989).
We decline to address appellant’s second contention regarding the imposition of a special condition of community control because the record indicates appellant lodged no objection to the condition and therefore failed to preserve the issue for appellate review. See Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982); Sumter v. State, 570 So.2d 1039 (Fla. 1st DCA 1990).
AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.
COWART and PETERSON, JJ., concur.

. § 812.014(1) and (2)(c), Fla.Stat. (1989).

. § 831.02, Fla.Stat. (1989).

. § 812.019(1), Fla.Stat. (1989).

. We note that upon review of the record and Fla.R.Crim.P. 3.988(f) (Category 6), a total of forty-one points appears to result in the permitted sentencing range of any nonstate prison sanction or community control or 1 to 3½ years incarceration. On remand, we direct the trial court to determine the appropriate permitted range and sentence appellant accordingly. For purposes of this appeal, we accept the 4½ years as the maximum permitted term of incarceration.