604 So.2d 576 (1992)
Elbert Bernard SIPP, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2096.
District Court of Appeal of Florida, Fifth District.
September 11, 1992.
James B. Gibson, Public Defender, and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Appellee's Motion for Rehearing is hereby granted. Upon reconsideration of the appellee's brief, we find that our opinion remains unchanged and therefore reissue our original opinion.
In reviewing this Anders appeal, we have observed an error in the sentence that requires correction on remand. The defendant was initially placed on two years of community control. After violation of community control three months later, the defendant was again placed on two years of community control and, as a special condition of community control, was required to serve 240 days in county jail.[1] Two years is the maximum period of community control available for any one offense. § 948.01(5), Fla. Stat. (1989). Because the total term of community control imposed exceeds two years, the sentence is illegal.
SENTENCE VACATED; REMANDED for resentencing.
COWART, HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] Credit was given for forty-five days time served.