FERGUSON, Judge.
Three issues are raised from convictions on two counts of vehicular homicide. On the authority of Filmon v. State, 336 So.2d 586 (Fla.1976), cert. denied, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977), we affirm both convictions and the five-year sentence on count I.
Only the issues raised as to the sentence on count II remain to be addressed: (1) Whether the four-year sentence to community control exceeds the statutory maximum, and (2) whether the defendant is entitled to credit for time served on the community control sentence for time already served in community control.
The State properly concedes that the maximum community control sentence the court could have imposed was two years. § 948.01(4), Fla.Stat. (1991); Sipp v. State, 604 So.2d 576 (Fla. 5th DCA 1992).
While awaiting trial the defendant served one year in community control in lieu of an appearance bond. A question which the trial court left to be decided in this appeal was whether credit could be given for the pretrial community control restraint. We hold that the one year served satisfactorily in a pretrial community control program should be credited against a post-conviction sentence for community control, just as credit for time served in jail awaiting trial should be given for a post-conviction jail sentence. See § 921.161, Fla.Stat. (1991); compare Pennington v. State, 398 So.2d 815 (Fla.1981) *542 (defendant sentenced to jail after probation revocation is not entitled to credit for time confined in a drug rehabilitation program as a condition of probation because jails and rehabilitation centers are different in form and purpose). Here, the pretrial community control restraint was the same as the community control restraint imposed by the court as part of the sentence.
Affirmed in part, reversed in part, and remanded for resentencing accordingly.