623 So.2d 840 (1993)
Michelle C. MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2433.
District Court of Appeal of Florida, Fifth District.
September 10, 1993.
*841 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Mills, the defendant, appeals her judgment and sentence which originate from her sentencing for a violation of probation in case number 91-2476 and for a new substantive charge in case number 92-32808. We affirm the judgment, but reverse the sentence and remand for resentencing.
Mills appeared before the trial court on two separate cases. Case number 91-2476 was originally charged as a three count information. In that case, she originally plead guilty to the offense of possession of cocaine[1] and she was placed on five years probation. Subsequently, an affidavit was filed alleging she had violated the terms and conditions of her probation. In case number 92-32808, Mills was charged with a single count of unlawful possession of a controlled substance.[2] Both of these cases involved third degree felonies.
At her sentencing hearing, Mills entered pleas of nolo contendere to violation of probation and to the new substantive charge. According to Mills' number 7 scoresheet, she scored 67 points. See Florida Rule of Criminal Procedure 3.988(g). The maximum permitted guideline sentence was any non-state prison sanction or community control or one to three and a half years incarceration. This includes a one cell bump-up for violating probation. In each case, Mills was adjudicated guilty and sentenced to two years community control with the sentences to be served consecutively. Mills appeals this sentence of four years community control.
Mills argues that the court erred in imposing the four year sentence because the maximum sentence that she can receive is three and a half years, unless the court entered a departure sentence. The trial court did not consider the sentence to be a departure from the guidelines, therefore, the court did not set forth written reasons for a departure from the sentencing guidelines. See Florida Rule of Criminal Procedure 3.701(d)(12). Since the court did not intend this to be a departure sentence, Mills argues, the sentencing guidelines must apply and a four year community control sentence is illegal. Sipp v. State, 604 So.2d 576 (Fla. 5th DCA 1992); Florida Rule of Criminal Procedure 3.988(g).
The state argues that Mills' reliance upon Sipp is misplaced since there are two separate sentences being imposed.[3] The state also argues that since Mills signed a plea form that stated the maximum sentence she could receive is 10 years, any sentence up to 10 years is legal. The state reaches this decision after reviewing Poore v. State, 531 So.2d 161 (Fla. 1988), which states that if a defendant placed on straight probation violates that probation, the defendant can be resentenced to any sentence that could have originally been imposed, with credit for time served and subject to the sentencing guidelines. This is an accurate statement of the law and applies in this case, but the state's conclusion is inaccurate and their arguments specious.
*842 There is no doubt that Mills can be sentenced to two years community control in each case. Section 948.01(5), Florida Statutes (Supp. 1990). There is no doubt that, where separate offenses are committed, a consecutive sentence of community control is a legal sentence. Crawford v. State, 567 So.2d 428 (Fla. 1990). However, any sentence imposed must be within the sentencing guidelines. Mills' argument, simply made, is that she can only be sentenced to a maximum of three and a half years community control for the two cases. We agree.
Because the aggregate of four years community control exceeds the permitted guidelines range of any non-state prison sanction or community control of up to three and a half years incarceration, the sentence constitutes an illegal departure. Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992); Weaver v. State, 587 So.2d 654 (Fla. 5th DCA 1991); Collins v. State, 596 So.2d 1209 (Fla. 1st DCA 1992). Therefore, the sentence is reversed and remanded for resentencing and, because the trial judge did not know she was imposing a departure sentence requiring written reasons, the trial court may consider on remand whether departure is appropriate and, if so, set forth valid written reasons for departure from the sentencing guidelines. Weaver, 587 So.2d 654; State v. Betancourt, 552 So.2d 1107 (Fla. 1989).
JUDGMENT AFFIRMED; SENTENCE REVERSED AND REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 893.13(1)(f), Fla. Stat. (1991).
[2] § 893.13(1)(f), Fla. Stat. (1991).
[3] Sipp stands for the proposition that two years is the maximum period of community control that can be imposed for any one offense. In other words, where a defendant who was originally sentenced to two years community control violates that community control, upon resentencing a new sentence of two years community control is illegal. Upon resentencing for the same offense, the defendant must be given credit for time served in jail and on community control so that the total sentence for community control on the same offense does not exceed the two year maximum.