651 So.2d 1288 (1995)
Nancy KOCHER, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-2595.
District Court of Appeal of Florida, Third District.
March 15, 1995.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before COPE, LEVY and GREEN, JJ.
PER CURIAM.
Nancy Kocher appeals an order of revocation of community control and a restitution order. We find no error in the revocation of community control or in the restitution order.
The State concedes that there is error in the disposition imposed on revocation of community control. Defendant originally entered a guilty plea to three counts of forgery (counts 1-3) and one count of grand theft (count 8). The trial court imposed 30 days incarceration, followed by 2 years community control, followed by 18 months probation.
Upon revocation of community control, the trial court imposed two consecutive 2-year terms of community control (counts 1 & 2), followed by two consecutive 3-year terms of probation (counts 3 & 8), resulting in 4 years community control followed by 6 years probation. It is permissible to impose consecutive terms of 2 years community control for separate offenses. Crawford v. State, 567 So.2d 428, 429 (Fla. 1990).
The claimed error is that the new disposition order did not give credit for time already served on community control. Defendant contends that since there is a 2-year maximum term of community control per count, the disposition order exceeds the legal maximum because no credit was given for time already served on community control.
The State's concession of error on this point is well taken, and the cause is remanded for resentencing. See Mills v. State, 623 So.2d 840 (Fla. 5th DCA 1993); Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992); Sipp v. State, 604 So.2d 576 (Fla. 5th DCA 1992); see also Goss v. State, 608 So.2d 541 (Fla. 3d DCA 1992). See generally State v. Roundtree, 644 So.2d 1358 (Fla. 1994); State v. Summers, 642 So.2d 742 (Fla. 1994). The court may impose any legal sentence.[*]
*1289 Affirmed in part, reversed in part, and remanded for resentencing.
NOTES
[*] For example, one option is simply to grant credit for time served on community control. It appears that another possible option is to restructure the sentence by adding another consecutive community control term on count 3 or 8 to offset time already served on community control, thus attaining the court's sentencing objective of four additional years of community control.