666 So.2d 209 (1995)
Larry C. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03781.
District Court of Appeal of Florida, Second District.
December 22, 1995.
*210 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Senior Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Larry C. Lee appeals the sentence imposed on his fourth violation of probation or community control. We conclude that because he did not receive the detriment of an earlier true split sentence, and did not appeal a second true split sentence, the trial court was permitted to impose the remainder of the second true split sentence.
Mr. Lee pleaded nolo contendere to burglary, false imprisonment, and sexual battery with slight force. The charges arose from a serious domestic dispute. In June 1992, he received 5 years' probation for the burglary and time served for the other two offenses. This disposition was a stipulated downward departure.
In October 1992, he violated probation. As a result, in January 1993, he was sentenced to 17 years' imprisonment; however, the entire sentence was suspended, and Mr. Lee was placed on community control. We note that this court has authorized such a sentence as a true split sentence. Silva v. State, 602 So.2d 694 (Fla. 2d DCA 1992). The Fifth District has held that such a sentence is an illegal, conditional suspended sentence. Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995). But see Helton v. State, 611 So.2d 1323 (Fla. 1st DCA 1993) (finding that such a sentence is a true split sentence).
In March 1993, Mr. Lee violated community control. At his sentencing hearing in August 1993, the trial court did not impose the 17-year sentence that it had previously suspended. Instead, the trial court imposed 22 years of imprisonment and again suspended the entire sentence, placing Mr. Lee on 21 months' community control, followed by 5 years' probation. Mr. Lee did not appeal this sentence. The 22-year term of imprisonment was within the recommended range on the guidelines scoresheet because of the previous violations of probation.
Finally, in March 1994, Mr. Lee again violated his community control. The trial court sentenced him to 22 years' imprisonment. In this appeal, Mr. Lee argues that he can be imprisoned for only 17 years because of the sentence imposed in January 1993.
The flaw in Mr. Lee's argument is his failure to appeal the August 1993 sentence when it was initially imposed. If he had done so, we would have reversed the sentence and remanded for resentencing. See Cooper v. State, 553 So.2d 1371 (Fla. 2d DCA 1989). At that resentencing, however, he could have received 17 years in prison rather than community control. By accepting the benefit of community control, he waived his right to enforce the earlier true split sentence. Ulmer v. State, 619 So.2d 443 (Fla. 2d DCA 1993); Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992).
We note that the conflict between this district and the Fifth District does not affect the result in this case. Under the Fifth District's reasoning, both conditional suspended sentences would have been illegal, and Mr. Lee's final 22-year sentence would have been the first legal sentence imposed since the initial downward departure. Thus, the reasoning employed by the Fifth District would also result in an affirmance in this case.
Affirmed.
PARKER, A.C.J., and QUINCE, J., concur.