HARRIS, Judge.
Harold W. Cooper pled guilty to battery on a law enforcement officer, a third degree felony. He was originally sentenced to eighteen months of community control (“first sentence”). Upon violation, he was resentenced to twenty-four months of community control (“second sentence”) and upon further violation, he was resentenced to twenty-four months of community control. Cooper was not given credit against his current sentence of community control for the previous time spent in that capacity under the prior sentences. Cooper appeals, we reverse.
As we held in Sipp v. State, 604 So.2d 576 (Fla. 5th DCA 1992):
The defendant was initially placed on two years of community control. After violation of community control three months later, the defendant was again placed on two years of community control and, as a special condition of community control, was required to serve 240 days in county jail. Two years is the maximum period of community control available for any one offense. § 948.01(5), Fla.Stat. (1989).' Because the total term of community control imposed exceeds two years, the sentence is illegal.
Id. (footnote omitted).
REVERSED and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.