PER CURIAM.
David McGehee appeals his sentence imposed following the revocation of his probation, arguing that the trial court erred in committing him to two years community control when he had already completed one year of community control for the underlying conviction imposed as a special condition of his *1009 probation. The state concedes error on this point and we agree. The statutory maximum for a sentence of community control is two years. § 948.01(4), Fla.Stat., (1995). Thus, McGehee is entitled to credit for the one year community control previously served against his current commitment and he should not have been sentenced to more than one additional year of community control for his violation of probation. MeGehee’s sentence is therefore vacated and the case is remanded for resentencing in accordance with this opinion. Waters v. State, 662 So.2d 332 (Fla.1995); Sipp v. State, 604 So.2d 576 (Fla. 5th DCA 1992).
Remanded for resentencing.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.