708 So.2d 968 (1998)
James D. DUPREE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3752.
District Court of Appeal of Florida, First District.
March 13, 1998.
*969 James D. Dupree, Defuniak Springs, pro se.
No appearance for Appellee.
PER CURIAM.
James D. Dupree appeals the circuit court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we affirm.
In February 1992, Dupree entered a plea of guilty to charges of arson, burglary of a structure, and grand theft. He was sentenced to community control for a term of 24 months on each count, to run concurrently, followed by probation for 36 months on each count, to run concurrently. He was also ordered to pay court costs of $300.00, costs of investigation of $30.00 to the State Attorney's Office, perform 400 hours of community service, make restitution, receive substance abuse evaluation and counseling, and submit to random urinalysis. Dupree violated these conditions on three occasions. Following the first two violations, in May 1992 and March 1994, he was restored to community control on August 6, 1992, and May 4, 1994, respectively. Following the third violation, which occurred in June 1995, Dupree was sentenced to a term of imprisonment of 4½ years on each count, to run concurrently, with credit for time served. This sentencing took place on January 22, 1997.
In his 3.850 motion, Dupree asserted four claims for relief. First, he asserted that the trial court erred in delegating responsibility for determining the amount of his monthly restitution payments to the community control officer. As the circuit court explained in its order denying Dupree's motion, the plea agreement Dupree signed stipulated that the community control officer would determine the monthly restitution payments. The agreement also stated that if Dupree disagreed with the determined amount, he could request a hearing and have the judge determine the amount. Dupree never objected to this condition and never requested that the court review the amount of his payments; therefore, he cannot now complain that his payments were too high. See Wilson v. State, 407 So.2d 1078, 1079 (Fla. 1st DCA 1982) ("While the court in this case should have specified the amount of *970 restitution due, it is clear that appellant made no objection to the condition of restitution at the time it was set.... Additionally we note that he made one payment toward restitution, and presents no evidence that he ever objected on the point in question to his probation officer or during the probation revocation hearing. His concession to the propriety of the condition and the amount of restitution is implicit. Appellant has failed to demonstrate any prejudice."). Further, Dupree does not assert that the community control officer ever modified or increased his payment schedule. Cf. Jordan v. State, 610 So.2d 616, 618 (Fla. 1st DCA 1992) ("Establishment of a payment schedule is a judicial responsibility rather than a supervisory function properly administered by a probation officer.... Consequently, Jordan's probation officer exceeded his authority by substantially increasing the monthly amount Jordan was required to pay, more than doubling the original amount."); White v. State, 606 So.2d 1265, 1266 (Fla. 1st DCA 1992) ("[T]he original condition 9 is facially invalid as it purports to delegate to the probation officer the right to determine the rate of repayment of the restitution.").
In his second claim, Dupree asserted that the trial court erred by not awarding him credit for time spent on community control when it imposed new terms of community control following his violations. Although the circuit court correctly stated that the cases Dupree relied on for this assertion, State v. Summers and State v. Roundtree, were decided after May 4, 1994, the last date on which he was resentenced to community control, this does not dispose of Dupree's claim. In State v. Summers, the supreme court held as follows:
[U]pon revocation of probation credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense. We note, however, that where the total term of probation will not exceed the statutory maximum for a single offense, the court need not give credit for the time already served on probation. For example, when a defendant who had been given two years' probation for a third-degree felony violates probation after serving one year, the judge can impose up to three additional years of probation without giving credit for the one year already served because the total term of probation would not exceed the five year statutory maximum.
642 So.2d 742, 744 (Fla.1994). In State v. Roundtree, the supreme court approved an opinion from the Fourth District Court of Appeal which certified the following question:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION (AND/OR COMMUNITY CONTROL), CREDIT PREVIOUS TIME SERVED ON PROBATION (AND/OR COMMUNITY CONTROL) TOWARD A NEWLY IMPOSED PROBATIONARY TERM SO THAT THE TOTAL PROBATIONARY TERM SERVED AND TO BE SERVED DOES NOT EXCEED THE MAXIMUM SENTENCE ALLOWED BY LAW?
644 So.2d 1358, 1358-59 (Fla.1994). The court indicated that the Fourth District's decision was "in harmony with our decision in Summers." Roundtree, 644 So.2d at 1359. Further, the Florida Supreme Court has also indicated that the rule announced in Summers applies to violations that occurred prior to that ruling. See Francois v. State, 695 So.2d 695, 697 n. 2 (Fla.1997) ("Summers was decided after Francois' violations, but it applies here because `disposition of a case on appeal is made in accordance with the law in effect at the time of the appellate court's decision' unless a substantive right is altered.)" (quoting State v. Lavazzoli, 434 So.2d 321, 323 (Fla.1983)). In both Summers and Roundtree, however, the imposed terms at issue were terms of probation and neither case concerned the situation challenged by Dupree in the instant 3.850 motion, i.e., successive terms of community control.
"The statutory maximum for a sentence of community control is two years." McGehee v. State, 688 So.2d 1008, 1009 (Fla. 1st DCA 1997); see § 948.01(4), Fla. Stat. (1991) ("When community control or a program of public service is ordered by the court, the duration of community control supervision *971 or public service may not be longer than the sentence that could have been imposed if the offender had been committed for the offense or a period not to exceed 2 years, whichever is less."). The first two times Dupree violated the conditions of his community control, the trial court imposed new sentences of two years' community control. This was error. "[W]here a defendant who was originally sentenced to two years community control violates that community control, upon resentencing a new sentence of two years is illegal." Mills v. State, 623 So.2d 840, 841 n. 3 (Fla. 5th DCA 1993); see Cooper v. State, 672 So.2d 638 (Fla. 5th DCA 1996) (holding that defendant who was originally sentenced to 18 months of community control, and upon violation was resentenced to 24 months of community control, could not upon further violation be resentenced to additional 24 months of community control without any credit for previous time spent on community control); Sipp v. State, 604 So.2d 576 (Fla. 5th DCA 1992) (holding that where defendant was initially placed on two years of community control and, after violation, was again placed on two years community control, defendant's sentence was illegal because total term of community control exceeded two years). "Upon resentencing for the same offense, the defendant must be given credit for time served in jail and on community control so that the total sentence for community control on the same offense does not exceed the two year maximum." Mills, 623 So.2d at 841 n. 3.
Nevertheless, Dupree did not challenge the trial court's reimposition of two years' community control until after he violated the terms of that community control and the trial court sentenced him to a term of imprisonment. "[O]ne who takes advantage of an invalid sentence until he violates community control is estopped to assert the invalidity of his original sentence." Stroble v. State, 689 So.2d 1089, 1090 (Fla. 5th DCA), review denied, 697 So.2d 512 (Fla.1997); see Huff v. State, 672 So.2d 634, 635 (Fla. 1st DCA 1996) ("[A]lthough his original suspended sentence may have been improper ..., it is not reversible on this appeal because Appellant has already received the benefits of the improper sentence."); Warrington v. State, 660 So.2d 385, 387 (Fla. 5th DCA 1995) ("Usually a defendant cannot agree to an illegal sentence, but when the illegal alternative and conditional defects which benefited that defendant are no longer in effect, the terms of incarceration that were agreed upon are valid so long as they are not beyond the statutory maximums for the offenses for which the defendant was convicted."), disapproved on other grounds, State v. Powell, 703 So.2d 444 (Fla.1997); Gaskins v. State, 607 So.2d 475, 476 (Fla. 1st DCA 1992) ("Existing case law recognizes that once a defendant has enjoyed the benefits of probation without challenging the legality of sentence, the defendant is thereafter precluded from complaining that the sentence is illegal in an appeal from an order revoking probation."), disapproved on other grounds, State v. Powell, 703 So.2d 444 (Fla.1997); Bashlor v. State, 586 So.2d 488, 489 (Fla. 1st DCA 1991) ("Absent some jurisdictional flaw, Florida courts have repeatedly held that sentences imposed in violation of statutory requirements, which are to the benefit of the defendant and to which he agreed, may not be challenged after the defendant has accepted the benefits flowing from the plea, but has failed to carry out the conditions imposed on him.").
A similar problem arose in Lee v. State, where the defendant originally received five years' probation and violated the terms of that probation. 666 So.2d 209 (Fla. 2d DCA 1995). Upon violation of probation, in January 1993, the trial court sentenced him to 17 years in prison; however, the trial court suspended the entire sentence and placed the defendant on community control. Id. at 210. After the defendant subsequently violated community control, in August 1993, the trial court imposed 22 years of imprisonment and again suspended the entire sentence, placing the defendant on 21 months community control, followed by 5 years of probation. Id. The defendant again violated his community control and the trial court sentenced him to 22 years in prison. Id. The defendant appealed, arguing that he could be imprisoned for only 17 years because of the January 1993 sentence. Id. The Second District affirmed:

*972 The flaw in Mr. Lee's argument is his failure to appeal the August 1993 sentence when it was initially imposed. If he had done so, we would have reversed the sentence and remanded for resentencing. At that resentencing, however, he could have received 17 years in prison rather than community control. By accepting the benefit of community control, he waived his right to enforce the earlier true split sentence.
Id. (citations omitted). Similarly, in this case, if Dupree had appealed either of his first two restored terms of two years' community control, the court would have reversed and remanded for resentencing. At that resentencing, the trial court could have imposed "any sentence which it might have originally imposed" before placing Dupree on community control. § 948.06(1), Fla. Stat. (1991). Instead of appealing those earlier terms, however, Dupree accepted the benefits of community control and waived his right to enforce the statutory two-year maximum on terms of community control.
Dupree next asserts that he is entitled to credit for time served on his community control sentences against his current term of incarceration. As the circuit court explained in its order, Dupree was sentenced to a term of imprisonment without any period of community control or probation and, therefore, he is not entitled to credit for time he spent on community control. See § 948.06(1), Fla. Stat. (1991) ("If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probationer or the offender into community control."); § 948.06(2), Fla. Stat. (1991) ("No part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve."); Gay v. Singletary, 700 So.2d 1220, 1222 (Fla.1997) ("Gay seems to imply that time spent under [control release] supervision is the functional equivalent of time spent in prison and therefore he must be given credit toward his sentence. We cannot agree.... We believe time spent under Control Release supervision is similar to time spent on probation and therefore do not consider it a `coercive deprivation of liberty' for purposes of entitlement to credit."); Young v. State, 697 So.2d 75, 77 (Fla.1997) ("[I]f the trial judge chooses to impose a sentence of incarceration, credit cannot be given for time spent on probation.... Likewise, credit cannot be given for time served on community control.... This is because section 948.06(2), prohibits a court from crediting probation or community control toward a sentence of incarceration." (citations and footnotes omitted)).
Finally, Dupree asserts that his current sentence was obtained by violation of the constitutional protection against double jeopardy. He bases this assertion on the trial court's failure to credit him with time served on community control. As explained above, however, he is not entitled to any credit against his prison sentence for time he spent on community control.
AFFIRMED.
KAHN, MICKLE and DAVIS, JJ., concur.