GROSS, J.,
concurring specially.
I concur in the majority opinion and write to note that had the trial court revoked probation and resentenced appellant, instead of modifying probation, then appellant would not have-been entitled to credit for the time served on community control.
Section 948.01(4), Florida Statutes (2004) provides for a two-year ceiling on a community control sentence. Appellant cites to cases such as McGehee v. State, 688 So.2d 1008 (Fla. 1st DCA 1997), Cooper v. State, 672 So.2d 638 (Fla. 5th DCA 1996), and Kocher v. State, 651 So.2d 1288 (Fla. 3d DCA 1995), which apply section 948.01(4) to hold that even after a revocation of probation, a trial court may not sentence a defendant to more than two years of community control, taking into consideration time served before and after the revocation.
This line of cases was based upon versions of statutes in force in 1995 and earlier. In 1997, the legislature substantially amended section 948.06, Florida Statutes. See Ch. 97-299, § 13, at 5381-82, Laws of Fla. The statute now provides that if probation or community control has been revoked, the court may “impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.” § 948.06(2)(b) & (e), Fla. Stat. (2004). Section 948.06(3) directly addresses the situation where a defendant is sentenced after a revocation of community control: *615 The only limitation on a sentence imposed after a revocation of probation or community control is that it cannot “exceed the maximum penalty allowable as provided by s. 775.082,” when combined with “any amount of time served on preceding terms of probation or community control.” § 948.06O).[1]
*614 When the court imposes a subsequent term of supervision following a revocation of probation or community control, it shall not provide credit for time served while on probation or community control toward any subsequent term of probation or community control.
*615 If the current version of section 948.06(3) controlled this case, appellant would not be entitled to credit for the time served on community control. He was convicted of violating section 800.04(5)(b), Florida Statutes (2004), a first degree felony carrying a maximum penalty of thirty years imprisonment; his post-violation sentence, when added to the amount of time he spent on community control, does not exceed the statutory maximum.
However, section 948.06(3) does not apply in this case because there was no “revocation of probation or community control.” The statute recognizes that after a violation hearing, a court “may revoke, modify, or continue the probation or community control.” § 948.06(2)(e), Fla. Stat. (2004). The mandate that the court not provide credit for time served on community control or probation applies only when the court imposes a “subsequent term of supervision following a revocation of probation or community .control.” § 948.06(3) (emphasis added). Here, the trial judge entered an “Order of Modification of Community Control;” there was no order revoking community control and imposing a new sentence.
In sum, the two-year limitation of section 948.01(4) does not apply when community control has been revoked because a defendant violated it. The 1997 additions to the statute have the effect of allowing more than two years of community control when a defendant has violated the terms of the initial sentence.

. The first sentence of subsection (3) was added in 1997. See Ch. 97-78, § 23, at 453, Laws of Fla.