IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RENALDO J. BELL,

        Appellant,

v.                                                                    Case No.  5D16-1417

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed April 13, 2017

Appeal from the Circuit Court
for Orange County,
Greg A. Tynan, Judge.

James S. Purdy, Public Defender, and
Steven N. Gosney, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

Following a jury trial, Renaldo Bell was convicted of one count of fighting and

baiting animals,[1] two counts of cruelty to animals,[2] and one count of attending the fighting

---

[1] § 828.122(3), Fla. Stat. (2013).
[2] § 828.12(2), Fla. Stat. (2013).

or baiting of animals,[3] all counts being third-degree felonies. For the convictions for fighting and baiting animals and cruelty to animals, the trial court sentenced Bell, on each count, to serve one year in the county jail, with two days of jail credit, to be followed by four years of probation, with the sentences to run concurrently. As to his conviction for attending the fighting or baiting of animals, Bell was sentenced to serve a concurrent two days in jail with two days of jail credit and, thereafter, four years of probation, but his probation on this count was ordered to run consecutively to the four years of probation imposed on the other three counts. The court also ordered Bell to pay a $3000 "donation" to the ASPCA,[4] which the court described in its written order as "miscellaneous court related charges."

In this appeal, Bell does not challenge his convictions, but he raises two issues with his sentences. As to his sentence on the conviction for attending the fighting or baiting of animals, Bell argues that because the probation portion of this sentence does not immediately follow the two-day incarceration sanction and is instead delayed until after he completes the four years of probation from his other convictions, his sentence on this count is illegal because of the gap between the conclusion of his jail sentence and the start of probation. *See Turner v. State*, 551 So. 2d 1247, 1248 (Fla. 5th DCA 1989) (remanding for resentencing because "the nonincarcerative portion of a split sentence must immediately follow the prison sanction".

We find that *Turner* is distinguishable from the present case and affirm on this issue. In *Turner*, the defendant was sentenced to serve twenty-four months in prison

---

[3] § 828.122(3)(h), Fla. Stat. (2013).
[4] American Society for the Prevention of Cruelty to Animals.

followed by thirty-six months of probation on one count and to a consecutive 364 days in jail on a second count after the entire sentence on the first count was completed. *Id.* at 1247. In contrast, Bell received an aggregate sentence in this case of one year in jail that will be completed in full before he begins the eight years of probation.[5] *See Horner v. State*, 617 So. 2d 311, 313 (Fla. 1993) (holding that "when there is one sentencing that includes incarceration and either community control or probation on a variety of counts or cases, a probationary split sentence does not create [improper] gap time so long as" there is a single collective probationary period that immediately follows a single collective period of incarceration); *Hatton v. State*, 689 So. 2d 1195 (Fla. 4th DCA 1997) (holding that "incarcerative portions of all counts must be completed before the probationary portion of any count begins"). Here, unlike in *Turner*, there is no gap or interruption between the incarcerative and non-incarcerative portions of Bell's entire sentence, and thus, the sentencing structure utilized in the instant case is lawful.

We do, however, find merit in Bell's second argument. Bell contends, and the State agrees, that there is no statutory authority permitting the trial court to order him to make a $3000 donation to the ASPCA and that absent such authority, the imposition of the fine or cost is improper. *See Hayes v. State*, 686 So. 2d 602, 602-03 (Fla. 2d DCA 1996) (striking from a defendant's sentence an assessment to the Hillsborough County Court Improvement Fund as not being authorized under any existing statute as either a fine or cost); *Antosh v. State*, 510 So. 2d 1158, 1159 (Fla. 3d DCA 1987) (striking a probationary condition that the defendant make a monetary contribution to a named charity because "there is no statutory authority which authorizes a trial court to impose as

---

[5] Bell has not challenged the legality of each individual sentence.

3

a condition of probation that the defendant make a contribution to a charity"). Accordingly, while we understand the trial court's rationale for imposing this sanction, we nevertheless reverse and remand for the trial court to strike the $3000 donation to the ASPCA from the sentence.

AFFIRMED in part; REVERSED in part; REMANDED.

PALMER and ORFINGER, JJ., concur.

4