# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-418

_____

FARRIS DEAN GREGORY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Suwannee County.
Mark E. Feagle, Judge.

September 10, 2020

B.L. THOMAS, J.

Appellant argues that his sentence constitutes cruel and unusual punishment in violation of article I, section 17 of the Florida Constitution and the Eighth Amendment to the United States Constitution. We disagree.

Appellant was charged by information with two counts of dealing in stolen property and two counts of grand theft. In 2018, Appellant removed twelve steel fence posts from the fences of two property owners and sold them at a nearby recycling plant. The posts were valued at between $300 and $500 each, but Appellant received approximately $11 for each post. All of the fence posts were recovered within days.

After a jury trial, Appellant was found guilty as charged. Appellant's scoresheet reflected a lowest permissible score of forty-two months. The two counts of grand theft were vacated pursuant to double jeopardy. Appellant had a lengthy prior record which included robbery while armed, burglary of a dwelling, burglary of a conveyance, dealing in stolen property, grand theft, uttering a forgery, false identification of ownership, four misdemeanor thefts, and thirteen additional misdemeanors. Appellant's most recent crimes were committed within one year of his last release from prison. The trial court found Appellant to be a habitual felony offender, and Appellant faced a maximum of thirty years in prison. However, the trial court sentenced Appellant to fifteen years in prison, followed by five years of probation.

Appellant then filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), alleging his sentence constituted cruel and unusual punishment. The trial court denied the motion.

We hold that Appellant's sentence was permissible and well under the maximum possible sentence of thirty years under Florida's habitual felony offender statute. *See* § 775.084(4)(a), Fla. Stat. (2019). We also find that Appellant's sentence does not constitute cruel and unusual punishment under the Eighth Amendment.

When considering Eighth Amendment issues, appellate courts must yield "substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishment for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Andrews v. State*, 82 So. 3d 979, 984 (Fla. 1st DCA 2011) (quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983)); *see also Hanf v. State*, 182 So. 3d 704, 706 (Fla. 1st DCA 2015) (citing *Adaway v. State*, 902 So. 2d 746, 750 (Fla. 2005)).

Appellant relies on *Solem* for the proposition that his fifteen-year sentence constitutes a grossly disproportionate prison sentence. In *Solem*, the defendant was sentenced to life imprisonment without parole for writing a "no account" check for $100. 463 U.S. at 281. The defendant would have ordinarily been sentenced to a maximum of five years imprisonment, but he had a criminal record of six non-violent felonies, and was therefore,

2

subject to South Dakota's recidivist statute. *Id.* None of the six felonies was a crime against a person. *Id.* The Supreme Court reversed, finding the sentence to be disproportional and stating "[the defendant's] crime was one of the most passive felonies a person could commit. It involved neither violence nor threat of violence to any person." *Id.* at 296.

However, this Court and the Fifth District Court have previously stated that "*Solem* applie[s] only to non-violent felonies." *Andrews*, 82 So. 3d at 986 (quoting *Long v. State*, 558 So. 2d 1091, 1092 (Fla. 5th DCA 1990)). Furthermore, this Court noted that "the all-important factor that made the sentence cruel and unusual in *Solem* was that all of the defendant's prior convictions were non-violent," and that where a defendant's prior convictions were not all non-violent, *Solem* did not apply. *Id.* at 986. In *Andrews*, although the triggering crime was non-violent and did not involve harm to any particular individual, all of the defendant's prior convictions were violent crimes. *Id.* Thus, *Solem* did not apply in *Andrews*, and similarly does not apply in the present case because not all of Appellant's prior convictions were non-violent. *See id.* In addition, unlike in *Solem*, Appellant's crimes were not victimless, and the victims were adamant that Appellant's crimes had cost them money as well as time away from their jobs and families.

Therefore, we hold that Appellant's fifteen-year sentence for the crimes of dealing in stolen property and grand theft does not violate either article I, section 17 of the Florida Constitution or the Eighth Amendment to the United States Constitution.

AFFIRMED.

RAY, C.J., and KELSEY, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Andy Thomas, Public Defender, and Laurel Cornell Niles, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Steven Edward Woods, Assistant Attorney General, and Robert Charles Lee, Assistant Attorney General, Tallahassee, for Appellee.