602 So.2d 694 (1992)
Edward SILVA, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01613.
District Court of Appeal of Florida, Second District.
August 7, 1992.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Edward Silva appeals his sentences that the trial court imposed after revocation of his probations in case no. 89-15481 for sexual battery and in case no. 84-34 for burglary. Silva contends his probations should not have been revoked. After reviewing *695 the record, we conclude this contention is without merit.
Silva, however, correctly argues the trial court erred in sentencing him to ten years imprisonment followed by five years probation after revocation of probation in case no. 89-15481. The court had originally sentenced Silva to a "true split sentence". The original sentence consisted of ten years imprisonment with the entire confinement period suspended and Silva placed on ten years probation. Because this is a "true split" sentence, the maximum penalty is ten years. The sentence of fifteen years combined probation and incarceration exceeds that penalty and is illegal. Poore v. State, 531 So.2d 161 (Fla. 1988). Upon remand the trial court may vacate the probation or combine a period of probation with a period of incarceration which does not exceed the ten year sentence originally imposed.
We reverse and remand for resentencing.
LEHAN, C.J., and RYDER, J., concur.