611 So.2d 1323 (1993)
Herbert C. HELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2788.
District Court of Appeal of Florida, First District.
January 11, 1993.
*1324 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Richard Parker and Edward C. Hill, Jr., Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Helton appeals from a sentence imposed after he was found guilty of violating community control. Appellant contends that the trial court erred in sentencing him to three-and-one-half years in prison with credit for time served because he has previously received a "true split sentence," and the period of incarceration imposed exceeded that portion of the original sentence which was suspended. We agree. We vacate the sentence and remand for resentencing.
Appellant, who had been on 18 months' probation for dealing in stolen property, violated his probation and was given a six-month suspended sentence and placed on community control for that violation (original sentence). On July 10, 1992, appellant entered a plea of no contest to allegations of violation of his community control. Appellant's community control was revoked, and the court imposed the challenged sentence.
The original sentence imposed constituted a "true split sentence" even though the entire period of confinement was suspended. Silva v. State, 602 So.2d 694 (Fla. 2d DCA 1992). Where a "true split sentence" has been imposed, "the sentencing judge in no instance may order a new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence." Poore v. State, 531 So.2d 161, 164 (Fla. 1988).
BOOTH, SMITH and WOLF, JJ., concur.