633 So.2d 529 (1994)
Freeman A. SINGLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03951.
District Court of Appeal of Florida, Second District.
March 11, 1994.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna Provonsha-Lentz, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
In this appeal from a conviction and sentence upon a revocation of probation, the appellant claims the trial court committed error in (1) revoking his probation upon the evidence presented; (2) sentencing him for the crime underlying the probation which *530 had formed part of a "true split sentence" previously; and (3) failing to enter a written order revoking his probation. We affirm in part and reverse in part.
Upon review of the record, including the transcript of the revocation hearing, we conclude there was sufficient evidence of the appellant's conviction and sentence for a crime committed while serving his probationary term. Therefore, we affirm the revocation of probation. However, after finding that the appellant had violated his probation, the trial court sentenced him without filing a written order of revocation setting forth the conditions violated. This was clearly error and the state properly concedes this issue. Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990).
The state also candidly concedes error in the sentence imposed because it was not imposed in accord with the mandate of Poore v. State, 531 So.2d 161 (Fla. 1988). Because a true split sentence was initially imposed, upon revocation the trial court was limited in sentencing the appellant to incarceration up to the balance of the term previously suspended.
In sum, we affirm the revocation of probation and the conviction imposed thereon. We reverse the sentence and remand for entry of a written order of revocation and for resentencing in accord with Poore.
Reversed and remanded.
BLUE and FULMER, JJ., concur.