650 So.2d 192 (1995)
STATE of Florida, Appellant,
v.
Terri Ann CONTE, Appellee.
No. 94-1303.
District Court of Appeal of Florida, Fifth District.
February 10, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a downward departure sentence.
Appellee was convicted of robbery with a firearm. This is a first degree felony punishable by life imprisonment. Based upon the sentencing guidelines scoresheet, appellee faced a recommended range of 3 1/2 to 4 1/2 years imprisonment and the judge was permitted to sentence within a range of 2 1/2 to 5 1/2 years imprisonment.
The judge sentenced appellee to ten years imprisonment, an unauthorized upward departure, from which appellee waived the right to appeal, and "suspended" that sentence on the condition that she spend two years in community control, followed by five years probation. The latter sentence is a downward departure.
The state appeals the downward departure because the reasons given are not legally adequate. While we agree we are not convinced *193 that the reasons given are substantial enough to warrant the departure, see Corum v. State, 484 So.2d 102 (Fla. 1st DCA 1986), we are more impressed with the fact that this innovative sentence is violative of Poore v. State, 531 So.2d 161 (Fla. 1988). Poore held
... a judge has five basic sentencing alternatives in Florida: (1) a period of confinement; (2) a "true split sentence" consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion; (3) a "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation; (4) a Villery sentence, consisting of period of probation preceded by a period of confinement imposed as a special condition; and (5) straight probation.
Id. at 164. The sentence here, as was the sentence in State v. Manning, 605 So.2d 508 (Fla. 5th DCA 1992), must be vacated because it is not an alternative permitted by Poore.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
COBB and THOMPSON, JJ., concur.