657 So.2d 1224 (1995)
STATE of Florida, Appellant,
v.
Verl Lamar DAVIS, Appellee.
No. 94-1642.
District Court of Appeal of Florida, Fifth District.
June 30, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellee.
THOMPSON, Judge.
The State of Florida appeals the downward departure sentences imposed by the trial court after Verl Lamar Davis pled no contest to trafficking in cocaine[1] and delivery of cocaine.[2] On appeal, the state contends that the downward departure sentences constitute illegal sentences. We agree and, therefore, vacate the sentences and remand for resentencing.
After Davis entered his pleas, the trial court determined that Davis qualified as an habitual offender, adjudicated Davis as such, and sentenced him to concurrent sentences of 20 years in the Department of Corrections as an habitual offender with credit for 20 days time served. The trial court, however, suspended the 20-year prison terms conditioned upon Davis's successful completion of a period of two years of community control followed by 10 years of supervised probation. Recognizing that the sentences constituted downward departure sentences, the court provided a valid reason for the downward departure, both orally and in writing. Specifically, the court reasoned that the downward departure was appropriate to make Davis's sentences consistent with his codefendant's. See Sanders v. State, 510 So.2d 296, 298 (Fla. 1987).
In Geohagen v. State, 639 So.2d 611, 612 (Fla. 1994), the Supreme Court held that a judge may impose "a sentence upon a habitual offender more lenient than the one provided by the habitual offender statute" if the court decides "that an enhanced sentence is not necessary to protect the public." Under Geohagen, the trial court in this case had the discretion to impose more lenient sentences than those provided by statute as long as the court gave a valid written reason for doing so. Inasmuch as the trial court here entered a valid written reason for its departure, we conclude that the court did not err in imposing downward departure sentences.
We agree, however, that the sentences imposed by the trial court constitute illegal sentences under the authority of Poore *1225 v. State, 531 So.2d 161 (Fla. 1988). In Poore, the Supreme Court outlined the five basic sentencing alternatives in Florida. Id. at 164. The sentences imposed by the trial court in this case are not among the alternatives listed in Poore. This court recently reversed as illegal a similar sentence which was imposed by the same trial judge in this case. See State v. Conte, 650 So.2d 192 (Fla. 5th DCA 1995) (reversing 10-year sentence which trial court suspended conditioned upon defendant's successful completion of two years community control, followed by five years probation), review denied, 659 So.2d 270 (Fla. 1995). Additionally, citing Conte, this court recently reversed the sentences of Davis's codefendant. See State v. Farthing, 652 So.2d 1290 (Fla. 5th DCA 1995). Accordingly, we vacate the sentences imposed by the trial court and remand with instructions that the trial court resentence Davis using one of the alternatives outlined in Poore.
Sentences VACATED; REMANDED for resentencing.
COBB and GOSHORN, JJ., concur.
NOTES
[1] §§ 893.135(1)(b)(1)(a), 893.03(2)(a)(4), Fla. Stat. (1993).
[2] §§ 893.13(1)(a)(1), 893.03(2)(a)(4), Fla. Stat. (1993).