CAMPBELL, Acting Chief Judge.
Appellant appeals his sentence for attempted sexual battery following the revocation of his probation for that offense.
On February 7, 1989, appellant was sentenced to twenty-five years incarceration, suspended after ten years, and then placed on fifteen years probation for the remainder of the sentence. After appellant had served the incarcerative portion of his sentence, on June 2, 1994, an affidavit of violation of probation was filed. Appellant admitted to violating his probation and was sentenced to twenty-five years incarceration and given credit for time served. Appellant requested additional credit for any unforfeited gain time which was denied by the trial court.
The state concedes that appellant is entitled to any gain time not forfeited by the Department of Corrections since the offense occurred prior to the effective date of the 1991 amendment to section 944.28, Florida Statutes (1991). The state also concedes that the amendment does not apply retroactively. Bradley v. State, 631 So.2d 1096 (Fla.1994); Toschlog v. State, 604 So.2d 22 (Fla. 2d DCA 1992).
Since the sentence originally imposed was a “true split sentence,” upon revocation the *651 trial court is limited in sentencing appellant to a term of incarceration that does not exceed the balance of the term suspended. Poore v. State, 531 So.2d. 161 (Fla.1988); Singleton v. State, 633 So.2d 529 (Fla. 2d DCA 1994). Accordingly, we affirm the revocation of appellant’s probation, but reverse the sentence and remand for correction of his sentence to a period of incarceration not to exceed fifteen years.
Reversed and remanded.
BLUE and LAZZARA, JJ., concur.