700 So.2d 1 (1997)
STATE of Florida, Appellant,
v.
Michael Alan McEACHERN, Appellee.
No. 96-467.
District Court of Appeal of Florida, Fifth District.
January 31, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Dee R. Ball, Assistant Public Defender, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
COBB, Judge.
The appellee, Michael Alan McEachern, has filed a motion for rehearing en banc and/or certification. Upon further consideration, we sua sponte withdraw our opinion in this case under date of November 15, 1996, and substitute therefor the following:
The trial judge, following a nolo plea by McEachern to various charges, sentenced him to 44.25 months incarceration suspended upon successful completion of two years community control including successful completion of a residential drug/alcohol rehabilitation program, followed by three years of supervised probation. The sentence imposed by the trial court does not conform to the sentence categories enunciated by the Florida Supreme Court in Poore v. State, 531 So.2d 161 (Fla.1988). We have previously held this type of pure suspended sentence to be illegal. See State v. Davis, 657 So.2d 1224 (Fla. 5th DCA 1995); State v. Conte, 650 So.2d 192 (Fla. 5th DCA), review denied, 659 So.2d 270 (Fla.1995); State v. Manning, 605 So.2d 508 (Fla. 5th DCA 1992); Bryant v. State, 591 So.2d 1102 (Fla. 5th DCA 1992); and Pinardi v. State, 617 So.2d 371 (Fla. 5th DCA 1993). We recognize that the First and Second Districts have held that a sentence of imprisonment which is entirely suspended is authorized as a true split sentence under Poore. See, e.g., Helton v. State, 611 So.2d 1323 (Fla. 1st DCA 1993); Silva v. State, 602 So.2d 694 (Fla. 2d DCA 1992). See also Jefferson v. State, 677 So.2d 29 (Fla. 1st DCA 1996); Lee v. State, 666 So.2d 209 (Fla. 2d DCA 1995).
The Florida Supreme Court has recently issued two opinions concerning the definition of the term "illegal sentence." See Davis v. State, 661 So.2d 1193 (Fla.1995) and State v. Callaway, 658 So.2d 983 (Fla.1995). Both cases dealt with Florida Rule of Criminal Procedure 3.800, the relevant portion of which provides that a court may at any time correct an illegal sentence imposed by it.
In Davis, the supreme court, in considering the type of illegal sentence remediable *2 under Florida Rule of Criminal Procedure 3.800(a) announced as follows:
[A]n illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines.
661 So.2d at 1196.
The court in Callaway recognized three types of sentencing errors: (1) an "erroneous sentence" which is correctable on direct appeal; (2) an "unlawful sentence" which is correctable only after an evidentiary hearing under Rule 3.850; and (3) an "illegal sentence" in which the error must be corrected as a matter of law in a Rule 3.800 proceeding. Callaway, 658 So.2d at 987-988.
The defendant asserts that because his sentence does not exceed the maximum allowable by law, under Davis and Callaway it is not an "illegal sentence." However, under the precedent from this district, the sentence is an "unauthorized sentence" under the principles set out in Poore.
Recently, in King v. State, 681 So.2d 1136 (Fla.1996), the supreme court discussed the efficacy of a hybrid split sentence which consisted of incarceration without habitual offender status followed by probation as a habitual offender. While noting that such a sentence is not authorized by section 775.084, Florida Statutes, and in fact is inconsistent with the language of that statute, the supreme court, citing Davis held that such an unauthorized sentence is not an illegal sentence so long as the total sentence does not exceed the statutory maximum for the particular offense at issue.
The supreme court, noting that in the conflict case with King (Davis v. State, 623 So.2d 547 (Fla. 2d DCA 1993)), the hybrid split sentence had apparently been agreed to as part of a negotiated plea agreement, explained as follows:
While a trial court cannot impose an illegal sentence pursuant to a plea bargain, Williams v. State, 500 So.2d 501, 503 (Fla. 1986), it can impose a negotiated sentence that is not specifically authorized by statute. Cf. Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988)(finding that defendant's violation of plea agreement condition that he appear at sentencing was clear and convincing reason for departure sentence even though failure to appear for sentencing in an of itself was not valid reason for departure). This distinction between an unauthorized and an illegal sentence does not change the result for King: absent a valid agreement to the contrary, the judge had no authority to impose this hybrid sentence and it must be reversed. However, we distinguish those instances where a defendant agrees to such a sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum for the particular offense involved.
There is no mention of Poore in the King decision. But, in any event, we find that King is inapplicable to the instant case because here the state did not agree to imposition of a pure suspended sentence.
Besides the need to harmonize Davis, Callaway and Poore, the issue of what is an "illegal sentence" requires additional supreme court attention. Given that Florida Rule of Appellate Procedure 9.140(c)(1)(I) authorizes a state appeal from an "illegal sentence," in light of Callaway and Davis, can the state only appeal a sentence which exceeds the maximum period set forth by law for the offense? If so, no appeal would lie here and dismissal of the state's appeal would be necessary. However, such an interpretation is ludicrous. Why would the state appeal an excessive sentence when it would logically be the defendant who challenges such a sentence? To limit the state's right to appeal imposition of such a sentence is not only illogical but could preclude the state from obtaining review of an erroneous or unlawful sentence. Furthermore, if an "illegal sentence" can only be corrected in a Rule 3.800 proceeding, a direct appeal by the state from an order imposing an illegal sentence would be improper.
If the sentence here is deemed an "illegal sentence," under Davis could it only be remedied in a 3.800 proceeding? The language in Davis and Callaway has caused confusion when read together with Poore. See Jefferson v. State, 677 So.2d 29 (Fla. 1st DCA 1996).
As a matter of logic, we hold that an unauthorized or unlawful sentence qualifies as an "illegal sentence" for purposes of Rule *3 9.140(c)(1)(I), thereby allowing an appeal by the state. We therefore vacate the sentence in accordance with the prior precedent from this court. Upon remand, the trial judge should affirmatively offer McEachern the right to withdraw his nolo plea. Goins v. State, 672 So.2d 30 (Fla.1996). If McEachern elects to withdraw his plea, the plea bargain is off in all regards and the state would be free to prosecute the charges which it agreed to dismiss as part of the plea bargain. However, in light of the intra district conflict as to whether a pure suspended sentence is authorized under Poore, as well as the recent decisions in Davis and Callaway, the following question is certified to the Florida Supreme Court as a question of great public importance:
IS A SENTENCE, ENTIRELY SUSPENDED ON THE CONDITION THAT THE DEFENDANT SUCCESSFULLY COMPLETE COMMUNITY CONTROL, AN ILLEGAL SENTENCE AS CONSTITUTING AN UNAUTHORIZED SENTENCING ALTERNATIVE WHICH MAY BE APPEALED BY THE STATE AND VACATED ON DIRECT APPEAL?
REVERSED AND REMANDED; QUESTION CERTIFIED.
W. SHARP and THOMPSON, JJ., concur.