696 So.2d 789 (1997)
STATE of Florida, Appellant,
v.
Noah POWELL, III, Appellee.
No. 95-04395.
District Court of Appeal of Florida, Second District.
February 5, 1997.
*790 Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellee.
ALTENBERND, Judge.
The state appeals the sentence imposed on Noah Powell, III. We affirm the sentence, even though it is a conditional suspended sentence that would be an illegal sentence in the Fifth District. See, e.g., Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995).
The state charged Mr. Powell with sexual battery for an incident occurring on May 17, 1995. On that evening he went to the home of his ex-girlfriend, who is the mother of his three-year-old son. They had an argument. He became violently upset and committed an act of nonconsensual sexual intercourse. The victim reported the crime, and he was arrested for this life felony. He confessed to the police.
At Mr. Powell's change-of-plea hearing in August 1995, the victim informed the trial judge that she did not wish to pursue the charges if Mr. Powell would be incarcerated upon conviction. She explained that she only wanted a restraining order. Because of the seriousness of the charged offense, however, Mr. Powell's guidelines sentencing range was between 99.9 and 166.5 months' imprisonment. Initially, the assistant state attorney vigorously argued that any change of plea should be based upon a lengthy prison sentence. Following an unrecorded bench conference, however, the assistant state attorney made no objection when Mr. Powell pleaded guilty in exchange for an unspecified downward departure sentence, which would be imposed after a presentence investigation and would not involve more than "five years state prison." No requirement of a minimum sentence of imprisonment was discussed at the recorded plea hearing.
A few weeks later, a different assistant state attorney, who was unaware that the state had dropped its objection to a downward departure sentence at the prior hearing, appeared for the sentencing hearing. *791 This assistant state attorney objected to any downward departure. The presentence investigation submitted to the court discussed various mitigating circumstances for this serious offense and recommended a sentence of 12 years' imprisonment suspended, with the defendant serving 2 years' community control, followed by 4 years' probation.
At the sentencing hearing, the trial judge acknowledged receiving letters from Mr. Powell's employer and supervisor that indicated he had been employed by Pinellas County for eight years and was a good worker. Mr. Powell's two older children from a prior marriage testified at the hearing that he was a good father who gave them financial support and often spent time with them. Mr. Powell's mother also explained to the judge that her son had a problem with his temper, but she assured the judge that she would do everything she could to help him if he were placed in some rehabilitative program. Mr. Powell testified that he had voluntarily signed up for, and was attending, a course to help him cope with his emotions and that he thought he could solve his problems if he had some time.
Faced with this unusual situation, the trial court followed the recommendation in the presentence investigation, and imposed a 12-year conditional suspended sentence, with a 2-year period of community control and a consecutive 4-year term of probation. As a condition of community control, Mr. Powell was required to enroll in a sex offender counseling program. The assistant state attorney did not argue that the conditional suspension of the entire sentence was improper. Instead, he objected only to the downward departure from the guidelines. The trial court entered the downward departure sentence after finding that the defendant needed mental treatment and was amenable to that treatment. See § 921.0016(4), Fla. Stat. (1995); Fla. R.Crim. P. 3.990. The trial court also based the departure on the victim's desire that her child's father not be imprisoned.

THE REASONS FOR A DOWNWARD DEPARTURE
On appeal, the state argues that both reasons for departure are invalid. Whether a victim's request for leniency could ever be a proper reason for a downward departure sentence is a difficult issue. In the context of domestic violence, the victim may have many conflicting emotions. A defendant and other family members could easily pressure the victim to request leniency. We would not wish to encourage trial courts to rely upon this reason for a downward departure sentence in a case involving domestic violence. However, because the alternative ground for departure is valid, we do not need to resolve this issue.
The statutory reason for a departureneed for mental treatmentis adequately supported by the record in this case. The state suggests that a trial court must have more extensive testimony to determine that a defendant is amenable to treatment. We conclude that the testimony of the defendant and his family, coupled with the information in the presentence investigation, adequately supported this reason for departure. See Herrin v. State, 568 So.2d 920 (Fla.1990). This one valid reason will support the downward departure sentence.

THE CONDITIONAL SUSPENDED SENTENCE
The state also challenges the legality of Mr. Powell's conditional suspended sentence. This conditional suspended sentence is controversial for two reasons. First, the sentence suspends all, not just a portion, of the period of incarceration. Second, the sentence is replaced with a term of community control and probation that is shorter than the suspended period of incarceration. We conclude that the Florida Legislature has authorized both of these options.
There are cases suggesting that the supreme court established a mandatory list of "five basic sentencing alternatives" in Poore v. State, 531 So.2d 161, 164 (Fla.1988). See, e.g., State v. McEachern, 22 Fla. L. Weekly D323, ___ So.2d ___ [1997 WL 35787] (Fla. 5th DCA Jan. 31, 1997). Because Poore describes a true split sentence as a "total period of confinement with a portion of the confinement period suspended," *792 some courts have concluded that some of the period, but not all, can be suspended. We conclude that the supreme court in Poore was merely summarizing the complex statutory sentencing options available at that time. See §§ 921.187, 948.01, Fla. Stat. (1987).
In section 948.01(6), the legislature empowers trial courts to impose a split sentence "whereby the defendant is to be placed on probation ... upon completion of any specified period of such sentence which may include a term of years or less." The trial court is instructed to "stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation ... after serving such period as may be imposed by the court." The statute does not determine the minimum "or less" period of incarceration. We are not inclined to create an arbitrary judicial requirement that the period of incarceration be a year, a month, or even a week, especially when most defendants spend at least a short period in jail prior to sentencing. Where there is a valid reason for a downward departure, we cannot conclude that the legislature has precluded trial courts from using a totally suspended prison sentence as a sword of Damocles over a probationer. See Lee v. State, 666 So.2d 209 (Fla. 2d DCA 1995); Helton v. State, 611 So.2d 1323 (Fla. 1st DCA 1993); Silva v. State, 602 So.2d 694 (Fla. 2d DCA 1992).
Further, because Poore states the defendant is placed on probation "for that suspended portion," some courts have concluded that the period of probation must equal the suspended sentence. See State v. Davis, 657 So.2d 1224 (Fla. 5th DCA 1995); State v. Farthing, 652 So.2d 1290 (Fla. 5th DCA 1995); State v. Conte, 650 So.2d 192 (Fla. 5th DCA 1995), review denied, 659 So.2d 270 (Fla.1995); Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992). Section 849.01(6) does not expressly mandate that the period of probation or community control must be equal in length to the suspended portion of the prison sentence. Given the different purposes of incarceration and probation, it is not obvious why the length of probation in a true split sentence must always equal the suspended portion of the sentence of incarceration.
In analyzing the legality of this conditional suspended sentence, we have found it useful to consider section 948.01(11), Florida Statute (1995). This statute was enacted after Poore, and expressly authorizes a sentence not described in that casea period of probation followed by a period of incarceration. With such a reverse split sentence, it is obvious the legislature expects that the court will eliminate the term of incarceration if the defendant complies with the terms of probation. Ch. 91-280, § 1, Laws of Fla. As long as a valid reason for downward departure exists, the supreme court has allowed trial courts to impose this reverse split sentence. Disbrow v. State, 642 So.2d 740 (Fla.1994). There is no requirement that the conditional period of incarceration be equal in length to the preceding term of probation.
A reverse split sentence under section 948.01(11) presents a procedural problem, however, because Florida Rule of Criminal Procedure 3.800(b) gives a trial court only 60 days in which to reduce a sentence.[1] A reverse split sentence arguably requires the judge to reduce a sentence after this 60-day period has expired. On the other hand, the conditional suspended sentence imposed in this case is a method to impose a sentence comparable to the reverse split sentence without violating rule 3.800(b).
Because the conditional suspended sentence does not appear to violate section 948.01(6) and is compatible with the sentencing policy announced in 948.01(11), we conclude that it is an authorized sentence. We certify that this decision conflicts with McEachern, 22 Fla. L. Weekly D323, ___ So.2d ___. We also certify the following questions as issues of great public importance:
1. IF THERE EXISTS A VALID REASON FOR A DOWNWARD DEPARTURE, MAY A TRIAL COURT IMPOSE A TRUE SPLIT SENTENCE IN *793 WHICH THE ENTIRE PERIOD OF INCARCERATION IS SUSPENDED?
2. MAY A TRIAL COURT IMPOSE A TRUE SPLIT SENTENCE IN WHICH THE PERIOD OF COMMUNITY CONTROL AND/OR PROBATION IS SHORTER THAN THE SUSPENDED PORTION OF INCARCERATION?
PARKER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] After January 1, 1997, this rule is enumerated rule 3.800(c). Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253 (Fla. 1996).