CAMPBELL, Acting Chief Judge.
In this Anders appeal, appellant challenges his grand theft conviction, arguing that his plea was involuntary. This court, however, is precluded from considering appellant’s direct appeal because he failed to reserve his right to appeal when he entered his guilty plea. § 924.06(3), Fla.Stat. (1995); Norman v. State, 634 So.2d 212 (Fla. 4th DCA 1994). Accordingly, this appeal is dismissed. Appellant’s remedy, if any, is to move to withdraw his plea in the trial court.
In any event, there is no merit to appellant’s argument that his plea was involuntary. Appellant had originally been charged with first degree carjacking, but subsequently entered a negotiated plea to third degree grand theft in return for a sentence of 26.25 months. A review of the *1197 plea hearing reveals that the plea colloquy was complete. The voluntariness of appellant’s plea was clearly established. Appellant was pleading to at least two cases, one of which was a burglary arising out of his entering a residence in an attempt to hide. Appellant’s questions regarding the offense of burglary related to that separate offense, not the instant case. His questions concerned his disagreement with the elements of the offense of burglary, not the fact that his actions fell within those elements. There is no merit to appellant’s argument here.
Accordingly, the case is dismissed for lack of jurisdiction.
PATTERSON and QUINCE, JJ., concur.