703 So.2d 444 (1997)
STATE of Florida, Petitioner,
v.
Noah POWELL, III, Respondent.
No. 89964.
Supreme Court of Florida.
November 20, 1997.
Robert A. Butterworth, Attorney General; Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Petitioner.
James Marion Moorman, Public Defender and Allyn Biambalvo, Assistant Public Defender, Tenth Judicial Circuit, Clearwater, for Respondent.
SHAW, Justice.
We have for review State v. Powell, 696 So.2d 789 (Fla. 2d DCA 1997), wherein the court certified the following two questions:
1. IF THERE EXISTS A VALID REASON FOR A DOWNWARD DEPARTURE, MAY A TRIAL COURT IMPOSE A TRUE SPLIT SENTENCE IN WHICH THE ENTIRE PERIOD OF INCARCERATION IS SUSPENDED?
2. MAY A TRIAL COURT IMPOSE A TRUE SPLIT SENTENCE IN WHICH THE PERIOD OF COMMUNITY CONTROL AND/OR PROBATION IS SHORTER THAN THE SUSPENDED PORTION OF INCARCERATION?
Id. at 792-93. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Noah Powell pled guilty to sexual battery for committing an act of nonconsensual sexual intercourse with his ex-girlfriend, who is *445 the mother of his three-year-old son. The trial court imposed a twelve-year sentence and then suspended it and replaced it with a two-year period of community control and a four-year term of probation to be served consecutively. As a condition of community control, Powell was required to enroll in a sex offender counseling program.
The State challenged the legality of Powell's conditional suspended sentence on appeal arguing first, that the sentence suspends all, not just a portion, of the period of incarceration and second, that the sentence is replaced with a term of community control and probation that is shorter than the suspended period of incarceration. The Second District Court of Appeal affirmed the sentence, reasoning thusly:
There are cases suggesting that the supreme court established a mandatory list of "five basic sentencing alternatives" in Poore v. State, 531 So.2d 161, 164 (Fla. 1988). See, e.g., State v. McEachern, [700 So.2d 1] 22 Fla.L.Weekly D323 (Fla. 5th DCA Jan. 31, 1997). Because Poore describes a true split sentence as a "total period of confinement with a portion of the confinement period suspended," some courts have concluded that some of the period, but not all, can be suspended. We conclude that the supreme court in Poore was merely summarizing the complex statutory sentencing options available at that time.
In section 948.01(6),[[1]] the legislature empowers trial courts to impose a split sentence "whereby the defendant is to be placed on probation ... upon completion of any specified period of such sentence which may include a term of years or less." The trial court is instructed to "stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation ... after serving such period as may be imposed by the court." The statute does not determine the minimum "or less" period of incarceration. We are not inclined to create an arbitrary judicial requirement that the period of incarceration be a year, a month, or even a week, especially when most defendants spend at least a short period in jail prior to sentencing. Where there is a valid reason for a downward departure, we cannot conclude that the legislature has precluded trial courts from using a totally suspended prison sentence as a sword of Damocles over a probationer.
Further, because Poore states the defendant is placed on probation "for that suspended portion," some courts have concluded that the period of probation must equal the suspended sentence. Section 849.01(6) does not expressly mandate that the period of probation or community control must be equal in length to the suspended portion of the prison sentence. Given the different purposes of incarceration and probation, it is not obvious why the length of probation in a true split sentence must always equal the suspended portion of the sentence of incarceration.
In analyzing the legality of this conditional suspended sentence, we have found it useful to consider section 948.01(11),[[2]] *446 Florida Statutes (1995). This statute was enacted after Poore, and expressly authorizes a sentence not described in that casea period of probation followed by a period of incarceration. With such a reverse split sentence, it is obvious the legislature expects that the court will eliminate the term of incarceration if the defendant complies with the terms of probation. As long as a valid reason for downward departure exists, the supreme court has allowed trial courts to impose this reverse split sentence. Disbrow v. State, 642 So.2d 740 (Fla.1994). There is no requirement that the conditional period of incarceration be equal in length to the preceding term of probation.
....
Because the conditional suspended sentence does not appear to violate section 948.01(6) and is compatible with the sentencing policy announced in 948.01(11), we conclude that it is an authorized sentence.
Powell, 696 So.2d at 791-92 (citations omitted). We agree with the district court's analysis and conclusion. As long as there exists a valid reason for a downward departure, a trial court may impose a true split sentence in which the entire period of incarceration is suspended. A trial court may also impose a true split sentence in which the period of community control and probation is shorter than the suspended portion of incarceration.
Accordingly, we answer both certified questions in the affirmative, approve the decision of the district court, and remand for proceedings consistent with this opinion.[3]
It is so ordered.
KOGAN, C.J., OVERTON, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] Section 948.01(6), Florida Statutes (1995), states in pertinent part:

(6) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, impose a split sentence whereby the defendant is to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence which may include a term of years or less.
Id. (emphasis added).
[2] Section 948.01(11), Florida Statutes (1995), states:

(11) The court may also impose a split sentence whereby the defendant is sentenced to a term of probation which may be followed by a period of incarceration or, with respect to a felony, into community control, as follows:
(a) If the offender meets the terms and conditions of probation and community control, any term of incarceration may be modified by court order to eliminate the term of incarceration.
(b) If the offender does not meet the terms and conditions of probation or community control, the court shall impose a term of incarceration equal to the remaining portion of the order of probation or community control. Such term of incarceration shall be served under applicable law or county ordinance governing service of sentences in state or county jurisdiction. This paragraph does not prohibit any other sanction provided by law.
Id. (emphasis added).
[3] We disapprove the following cases to the extent they are inconsistent with our opinion today: Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995); State v. Davis, 657 So.2d 1224 (Fla. 5th DCA 1995); State v. Farthing, 652 So.2d 1290 (Fla. 5th DCA 1995); State v. Conte, 650 So.2d 192 (Fla. 5th DCA 1995); Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992). We note that the district court in Powell certified conflict with State v. McEachern, 700 So.2d 1 (Fla. 5th DCA 1997). We have now quashed McEachern. McEachern v. State, 701 So. 2d 865 (Fla.1997).