SHAHOOD, J.
The issue presented in this appeal is whether the trial court erred in suspending the inearcerative portion of appellee’s guideline sentence without providing valid reasons for the downward departure sentence. Appellee concedes, and we agree, that the sentence is improper and the judgment must be reversed and remanded. Appellee further argues that his “plea” must also be vacated on remand. This court is precluded from addressing the voluntariness of appellee’s plea; however, appellee may move to withdraw his plea upon remand.
Appellee was charged with felony driving while license revoked and resisting police without violence. At the time of his arrest, appellee was on community control and attending a rehabilitation program. At a hearing before the trial court, defense counsel requested that appellee be taken off community control and that his sentence be converted to standard probation in order to allow appellee easier access to the rehabilitation program.
The sentencing guidelines scoresheet prepared for appellee reflected a sentencing range of 61.05 months to 101.75 months in Florida State Prison. The trial court agreed and proceeded to accept a plea of guilty from appellee in open court. The court, following the acceptance of the plea, sentenced appellee as follows:
No. Okay. So what I am going to do is suspended [sic] the 65 to 101 months Florida State Prison System, place him on 2 years Community Control. That’s it; right? If he finishes 2 years Community Control, impose the 65 to 101 months Florida State Prison System, and suspend it at this time.
Immediately upon imposition of the sentence, the assistant state attorney objected to the suspended portion of the sentence.
In State v. Powell, 703 So.2d 444, 446 (Fla.1997), the Florida Supreme Court held that as long as there exists a valid reason for a downward departure, a trial court may impose a true split sentence in which the entire period of incarceration is suspended, and it may also impose a true split sentence in which the period of community control and probation is shorter than the suspended portion of incarceration.
In Powell, the second district had previously held that the statutory reason for departure, defendant’s need for mental treatment, was adequately supported by *1063 the record. The court concluded that the testimony of the defendant and his family, coupled with the information in the presen-tence investigation, adequately supported the reason for departure. See State v. Powell, 696 So.2d 789 (Fla. 2d DCA), approved, 703 So.2d 444 (Fla.1997).
Here, unlike Powell, the trial court did not have a valid reason for entering a downward departure sentence. While the transcript of the hearing mentioned that appellee was doing well in the rehabilitation program and that his counselors would like him taken off of community control, there was no evidence to support a departure sentence. As stated above, ap-pellee concedes that the sentence in this case was improper and cannot stand. Thus, reversal is warranted.
Next, appellee argues that upon reversal, this court should remand with directions that his plea be vacated, rather than remand for resentencing. Appellee maintains that the trial court failed to adhere to the “apparent” purpose of the plea, that appellee be placed on straight probation, rather than community control, in order to receive greater benefits from and better access to the rehabilitation program. Rather .than placing appellee on less restrictive conditions, the court suspended appellee’s prison sentence and placed him on community control. He claims that the court failed to adhere to the requirements for taking a knowing and voluntary plea since the plea was not based upon a clear statement of appellee’s expectations of the plea, and further, that the court failed to adequately determine whether a factual basis existed.
This court is precluded from addressing the voluntariness of his plea on direct appeal because while appellee was instructed that he had thirty days to appeal, he neither took a direct appeal nor filed a cross-appeal in this case. See generally Austin v. State, 696 So.2d 1196 (Fla. 2d DCA 1997). This court has held that before a district court of appeal can review the issue of voluntariness of a plea, a motion to withdraw a guilty plea and trial court record on that motion are required. See Davis v. State, 652 So.2d 503 (Fla. 4th DCA 1995); see also Thompson v. State, 708 So.2d 289 (Fla. 4th DCA), case dismissed, 721 So.2d 287 (Fla.1998) (filing of a motion to withdraw a plea is a jurisdictional prerequisite to appealing a plea’s involuntariness). Thus, appellee’s remedy, if any, is to move to withdraw his plea in the trial court. See Austin.
Since no motion to withdraw plea was filed by or on behalf of appellee, we reverse and remand for resentencing. At or prior to resentencing, appellee may file his motion to withdraw his plea or any other motion he may deem proper. If such a motion is filed, the trial court shall either permit appellee to withdraw his plea or sentence appellee in accordance with the guidelines sentence.
REVERSED AND REMANDED.
FARMER and HAZOURI, JJ., concur.