775 So.2d 315 (2000)
Sandra CHUPKA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-1737.
District Court of Appeal of Florida, Second District.
May 12, 2000.
Brian J. Donerly, Tampa, for Appellant.
*316 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Sandra Chupka appeals her split sentence for grand theft and argues that the probationary term improperly exceeds the suspended term of incarceration. Because we conclude that the sentence was lawful, we affirm.
Ms. Chupka pleaded guilty to grand theft and 99 counts of uttering a forged instrument. She was sentenced to 13.8 years in prison, to be suspended after 10 years, at which time Ms. Chupka will be on probation for 20 years.[1] She argues that the probation term cannot exceed 3.8 years, which is the amount of her prison term that was suspended. Ms. Chupka's argument rests on the supreme court's description of a true split sentence as "a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion." Poore v. State, 531 So.2d 161, 164 (Fla.1988) (emphasis added).
Section 948.01(6), Florida Statutes (1995), provides that a trial court may, in its discretion, impose a split sentence where a defendant is to be placed on probation or community control after completing a specified sentence "which may include a term of years or less." In reviewing this statutory language in light of the decision in Poore, this court concluded that the statute "does not expressly mandate that the period of probation or community control must be equal in length to the suspended portion of the prison sentence." State v. Powell, 696 So.2d 789, 792 (Fla. 2d DCA), approved, 703 So.2d 444, 445 (Fla.1997).
In Powell, 703 So.2d at 446, the supreme court expressly approved split sentences where the period of supervision is shorter than the suspended portion of incarceration. We conclude that section 948.01(6) would also support a split sentence where the period of supervision exceeds the suspended portion of the prison sentence, as in the present case. Accordingly, we affirm.
Affirmed.
CAMPBELL, A.C.J., and SALCINES, J., Concur.
NOTES
[1] We question the wisdom of structuring a sentence and imposing 20 years of probation when the longest sentence that could be imposed upon violation would be the suspended term of incarceration, which is 3.8 years.