763 So.2d 1240 (2000)
Travis CRAWFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2675.
District Court of Appeal of Florida, First District.
June 8, 2000.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges sentences imposed upon a revocation of probation. Because the probation was part of a true split sentence as described in State v. Powell, 703 So.2d 444 (Fla.1997), and Poore v. State, 531 So.2d 161 (Fla.1988), by which incarcerative terms were imposed and suspended, the incarcerative sentences which may be imposed upon revocation are limited to the incarcerative terms which had been suspended. See Poore; Stoutamire v. State, 734 So.2d 468 (Fla. 1st DCA 1999). As the state properly concedes, the *1241 trial court had no greater sentencing authority merely because the suspension may have been conditioned on entry into or completion of a treatment program, even if the appellant may have satisfied this requirement. The challenged sentences are therefore vacated, and the case is remanded for resentencing.
JOANOS, ALLEN and KAHN, JJ., CONCUR.