PATTERSON, Chief Judge.
Clayton Counts challenges the sentences imposed upon revocation of the probationary term of his true split sentence. We reverse the probationary portion of Counts’ sentence in case number 86-15050 and direct the trial court to strike the probationary term.
Counts was originally sentenced pursuant to a plea agreement for offenses committed in 1984 and 1986 to a concurrent term of thirty years in prison, suspended after eighteen years, with the remaining twelve years to be served on probation, in case numbers 86-11405, 86-12327, and 86-15050. Upon a violation of probation, Counts received concurrent sentences of twelve years in prison in case numbers 86-11405 and 86-12327 and twelve years in prison followed by twelve years’ probation in case number 86-15050.
The State concedes that the trial court erred in sentencing Counts in case number 86-15050 because the total sentence imposed of twelve years in prison followed by twelve years’ probation exceeds the original twelve-year suspended portion of Counts’ true split sentence. See Poore v. State, 531 So.2d 161 (Fla.1988); Silva v. State, 602 So.2d 694 (Fla. 2d DCA 1992). We reverse the probationary portion of the sentence in case number 86-15050 and remand for the trial court to strike the twelve years’ probation from that sentence. On remand, it is unnecessary for Counts to be present. In all other respects, we affirm Counts’ sentences.
Affirmed in part, reversed in part, and remanded.
GREEN and DAVIS, JJ., Concur.