837 So.2d 1151 (2003)
Michael LILES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4313.
District Court of Appeal of Florida, First District.
February 21, 2003.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Robert R. Wheeler, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Michael Liles, appellant, challenges the sentence entered upon his revocation of probation. He contends that because he initially received a true split sentence of three years' incarceration (suspended) and eight years' sex offender probation, the trial court could not now sentence him to three years' incarceration and ten years' sex offender probation. We agree and reverse.
On January 11, 2001, the trial court accepted appellant's plea of attempted sexual battery upon a child under age twelve, a lesser included offense, and followed the State's recommendation for a suspended sentence of three years' incarceration followed by eight years' sex offender probation. Appellant admitted violating his probation on October 16, 2001, and the trial court sentenced him to a term of three years' incarceration followed by ten years' probation.
As properly conceded by the State, because appellant's original sentence was a true split sentence, the maximum sentence he could receive for violating his probation was three years' incarceration. Poore v. State, 531 So.2d 161 (Fla.1988); State v. Powell, 703 So.2d 444 (Fla.1997); Crawford v. State, 763 So.2d 1240 (Fla. 1st DCA 2000); Kelly v. State, 762 So.2d 924 (Fla. 2d DCA 2000); Evans v. State, 730 So.2d 768 (Fla. 1st DCA 1999). Accordingly, we reverse with instructions for the trial court to sentence appellant to not more than three years' incarceration with credit for time served.
Reversed and remanded with directions.
DAVIS, BROWNING and POLSTON, JJ., concur.