854 So.2d 774 (2003)
Andrew BELTRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1281.
District Court of Appeal of Florida, Second District.
September 3, 2003.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Andrew Beltran appeals the sentence he received after he was found to have violated his probation. Beltran was originally charged in two separate cases with robbery with a firearm and robbery with a weapon. He entered a guilty plea to both offenses and was sentenced as a youthful offender to seventy-two months in prison, suspended, and seventy-two months of probation. Thereafter, the trial court found that Beltran had violated his probation and it sentenced him to forty years in prison for the case involving robbery with a firearm and to thirty years in prison for the robbery with a weapon case. We reverse because the trial court erred in sentencing Beltran to a term greater than his suspended sentence after his probation was revoked.
Both of Beltran's original sentences were true split sentences. See State v. Powell, 703 So.2d 444, 446 (Fla.1997) (holding that a trial court can impose a true *775 split sentence in which the entire period of incarceration is suspended). In a true split sentence, upon a violation of probation, the trial court may not order new incarceration that exceeds the remaining balance of the suspended term. Poore v. State, 531 So.2d 161, 165 (Fla.1988) (holding that after the appellant, who was originally sentenced as a youthful offender, violated his probation, the trial court could not order new incarceration that exceeded the remaining balance of the suspended portion of the original sentence); see also Lawton v. State, 731 So.2d 60 (Fla. 2d DCA 1999); Singleton v. State, 633 So.2d 529 (Fla. 2d DCA 1994); cf. Crews v. State, 779 So.2d 492 (Fla. 2d DCA 2000). Here, the trial court could not sentence Beltran to a term greater than the seventy-two month term that was originally suspended.
Accordingly, we reverse Beltran's sentences and remand for the trial court to impose a sentence not in excess of seventy-two months in prison in both cases.
Convictions affirmed; sentences reversed and remanded with directions.
ALTENBERND, C.J., and STRINGER, J., Concur.