ALTENBERND, Chief Judge.
Scott Card appeals his judgments and sentences, which were imposed on violation of probation. We affirm the judgments. The State correctly concedes error concerning the sentences. Accordingly, we reverse and remand for resentencing.
For events occurring in June 2001, the State charged Mr. Card with aggravated battery on a law enforcement officer,[1] obstructing with violence,[2] and criminal mischief resulting in damage in excess of $1000.[3] He entered a plea of guilty pursuant to a plea agreement and was sentenced on each count to a true split sentence of fifty months’ incarceration, suspended after eighteen months’ incarceration, with the remainder of the sentence served as a thirty-six-month term of probation.[4] All sentences were to run concurrently.
Thereafter, in May 2003, Mr. Card committed new law violations, which resulted in a violation of his probation in this case. The trial court revoked Mr. Card’s probation and sentenced him to three concurrent fifteen-year terms of incarceration. These terms of imprisonment obviously exceeded the terms permitted upon violation of the probationary portion of Mr. Card’s true split sentences. See Beltran v. State, 854 So.2d 774 (Fla. 2d DCA 2003). Moreover, the fifteen-year terms for obstructing with violence and criminal mischief in excess of $1000 exceeded the statutory maximum sentences for these third-degree felony offenses, and Mr. Card’s scoresheet did not authorize a sentence in excess of the five-year statutory maximum.
Mr. Card’s appellate attorney filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) to correct these *177 mistakes, but the trial court failed to resolve that motion in a timely fashion. The State conceded the sentencing error both in its trial court filing and in its brief to this court.
Accordingly, we reverse Mr. Card’s sentences and remand for the trial court to impose lawful sentences.
Affirmed in part, reversed in part, and remanded.
DAVIS and WALLACE, JJ., Concur.

. § 784.07(2)(d), Fla. Stat. (2001).

. § 843.01, Fla. Stat. (2001).

. § 806.13(l)(b), Fla. Stat. (2001).

. We note that fifty months’ incarceration suspended after eighteen months leaves a suspended portion of thirty-two months, not thirty-six. However, a split sentence where the period of supervision exceeds the suspended portion of the prison sentence is proper nonetheless. See Chupka v. State, 775 So.2d 315 (Fla. 2d DCA 2000).