971 So.2d 866 (2007)
Roger W. WILLIAMSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-444.
District Court of Appeal of Florida, Third District.
November 19, 2007.
*867 Roger W. Williamson, in proper person.
Bill McCollum, Attorney General, and Laura Moszer, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and COPE and GREEN, JJ.
PER CURIAM.
This is an appeal from an order denying Roger Williamson's motion for post-conviction relief pursuant to Rules 3.800(a) and 3.850, Florida Rules of Criminal Procedure. The trial court conducted an evidentiary hearing on the Rule 3.850 issues. At the hearing the 3.800(a) claims were also addressed. The court granted additional credit for time served and denied the other claims. The defendant has appealed. We concur with the trial court's rulings with one exception.
Ground 4 of the defendant's motion was brought under Rule 3.800(a) and claimed that there was a scoring error in the defendant's sentencing guidelines scoresheet. We agree with the trial court that, as written, the defendant's motion and memorandum did not appear to set forth a meritorious claim.
However, during the hearing below the defendant and his counsel clarified that Ground 4 was making the claim that one of the convictions included in the defendant's sentencing guidelines scoresheet did not actually exist. The scoresheet included fourteen points for a 1994 burglary conviction in Baltimore. The defendant maintains that the Baltimore conviction does not exist.
The State argued that the existence or nonexistence of the Baltimore conviction makes no difference. The State pointed out that in the proceedings on revocation of the defendant's probation, a new scoresheet was prepared and additional points were added for violation of probation. According to the State, the subtraction of points for the Baltimore conviction would make no difference in the overall score.
The State's position failed to take into account that the defendant received a true split sentence in 1998. The defendant in this case entered into a plea negotiation, accepted by the court. Under the 1998 agreement, a predecessor judge stated that he would impose the guidelines maximum sentence, but suspend it, and place the defendant on community control followed by probation. The judge was informed that the guidelines maximum was 88.9 months. The judge imposed an 88.9 month suspended sentence of incarceration and placed the defendant on community control followed by probation. The offenses to which the defendant pled were purchase of cocaine, a second-degree felony, and possession of cocaine, a third-degree *868 felony.[1]
The defendant subsequently violated his probation. The defendant was incarcerated and is serving the 88.9 month sentence.
On this appeal, the State concedes that the defendant's sentence is a true split sentence. See State v. Powell, 703 So.2d 444, 446 (Fla.1997); Poore v. State, 531 So.2d 161, 164 (Fla.1988). The original plea colloquy makes clear that the defendant agreed to be sentenced to the guidelines maximum, with the incarcerative portion of the sentence being suspended, but that sentence would be imposed in the event of a violation of community control or probation.
Under the true split sentence, the sentence of imprisonment was actually imposed (but suspended) when the defendant entered his plea in 1998. Upon revocation of his probation, the suspension of the sentence ceased and the defendant began serving the sentence already imposed. Therefore the sentencing guidelines scoresheet had to support the 88.9 month sentence as of the sentencing date in 1998. Under these circumstances, the State was in error in its argument that additional points could be added to the scoresheet at the time of revocation, which occurred later.
Since the agreed sentence was linked specifically to the guidelines maximum, it therefore appears that if fourteen points were assessed for a nonexistent conviction, the defendant would be entitled to have the incarcerative portion of his sentence reduced. The defendant maintains that if this claim is found to be meritorious, he will be entitled to immediate release. We therefore remand for a prompt hearing.[2]
Affirmed in part, reversed in part, and remanded for consideration of the claim of scoring error.
NOTES
[1] The offense date was March 6, 1998. Under the applicable version of the sentencing guidelines the trial court could exceed the legal maximum if the recommended sentence under the guidelines exceeded the legal maximum. § 921.0014, Fla. Stat. (1997).
[2] If it should turn out that the defendant has other convictions not previously scored, which should have been scored at the time of the original sentencing in 1998, such convictions may be added to the scoresheet.