PER CURIAM.
Appellant, Dale Osborn, challenges the trial court’s determination that he violated the terms of his probation and the sentence it entered upon revoking his probation. We affirm the violation of probation determination without further comment.
As to sentencing, Appellant contends because he initially received a true split sentence of fifteen years’ incarceration, the trial court could not resentence him to fifteen years’ incarceration plus an additional fifteen years’ sex offender probation. We agree and reverse.
On April 29, 2002, the trial court sentenced Appellant to a true split sentence of ten years’ incarceration to be followed by a five-year suspended sentence and five years’ sex offender probation. Under this sentence, fifteen years was the maximum amount of time Appellant could possibly *46 spend incarcerated. On August 8, 2007, the trial court revoked Appellant’s probation and sentenced him to a term of fifteen years’ incarceration followed by an additional fifteen years’ probation.
Because Appellant’s original sentence was a true split sentence, the maximum sentence he could receive for violating his probation was fifteen years’ incarceration with credit for time served. See Poore v. State, 531 So.2d 161 (Fla.1988); State v. Powell; 703 So.2d 444 (Fla.1997); Liles v. State, 837 So.2d 1151 (Fla. 1st DCA 2003); Crawford v. State, 763 So.2d 1240 (Fla. 1st DCA 2000). Accordingly, we reverse with instructions for the trial court to sentence Appellant to not more than fifteen years’ incarceration with credit for time served. We affirm all other grounds.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
HAWKES, C.J., WOLF and KAHN, JJ., concur.