625 So.2d 955 (1993)
William SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03912.
District Court of Appeal of Florida, Second District.
October 20, 1993.
James Marion Moorman, Public Defender, Bartow, and Timothy J. Ferreri, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
William Sullivan appeals the sentence imposed upon a revocation of probation. We reverse because the sentence exceeds the balance remaining upon the split sentence originally imposed upon Sullivan.
Sullivan entered a plea of nolo contendere to a third-degree felony, and the trial court sentenced Sullivan to a true split sentence of three years' imprisonment, with the entire sentence suspended with Sullivan placed on one year community control followed by two years' probation. When Sullivan violated his community control, the trial court sentenced him to three years' imprisonment followed by eighteen months' probation.
When a true split sentence is imposed, the court cannot order new incarceration which exceeds the remaining balance of the suspended portion of the original sentence. Poore v. State, 531 So.2d 161, 164 (Fla. 1988). See also Silva v. State, 602 So.2d 694 (Fla. 2d DCA 1992). Accordingly, the trial court erred by sentencing Sullivan to three years' imprisonment followed by eighteen months' probation because it exceeded the suspended portion of the original sentence which was three years.
We reverse and remand this case to the trial court to impose a new sentence in which the sentence to prison, community control, or probation, or any combination thereof, does not exceed three years.
BLUE, J., and LUTEN, CLAIRE K., Associate Judge, concur.