685 So.2d 1335 (1996)
STATE of Florida, Appellant,
v.
Melvin BENJAMIN, Appellee.
Nos. 95-03143, 95-03134 and 95-03145.
District Court of Appeal of Florida, Second District.
May 24, 1996.
*1336 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellee.
WHATLEY, Judge.
The state appeals the downward departure sentence imposed on Melvin Benjamin. We reverse and remand for further proceedings.
The sentence was the result of a plea agreement between Benjamin and the trial court in case numbers 95-10252, 94-00603, and 93-00603. The three cases have been consolidated for purposes of appeal.
In case number 95-10252, Benjamin pled guilty to possession of cocaine. The trial court found that a downward departure sentence was appropriate because Benjamin required specialized treatment for his addiction, and he was amenable to such treatment. However, there was no evidence presented to support these two findings. See State v. Cohen, 667 So.2d 438 (Fla. 2d DCA 1996); State v. Lemon, 664 So.2d 1072 (Fla. 2d DCA 1995). Therefore, we reverse Benjamin's sentence and remand for resentencing within the guidelines.
In case number 94-00603, Benjamin admitted violating his probation order and community control order. In that case, the state correctly asserts that Benjamin was improperly sentenced to a suspended ten-year sentence. Benjamin was originally sentenced to a true split sentence of five years of prison suspended and two years of community control followed by three years of probation.
In a true split sentence, upon a violation of probation, the trial court may not order new incarceration that exceeds the remaining balance of the suspended term. Sullivan v. State, 625 So.2d 955 (Fla. 2d DCA 1993); Wallace v. State, 618 So.2d 797 (Fla. 2d DCA 1993). Consequently, it was *1337 error to give Benjamin a suspended sentence of ten years' prison. On remand, Benjamin's sentence may not exceed the five-year term previously suspended.
In case number 93-00603, Benjamin admitted violating his probation order and his community control order. As the state correctly points out, Benjamin was improperly sentenced as a habitual offender in that case. Since a notice of intent to seek an enhanced penalty was not filed before the initial plea hearing on the underlying charges, Benjamin should not have been sentenced as a habitual offender for his violation of probation and community control. See Snead v. State, 616 So.2d 964 (Fla.1993); Williams v. State, 661 So.2d 59 (Fla. 2d DCA 1995). On remand, Benjamin should be sentenced to a guidelines sentence with a permitted one-cell bump for each violation of probation and community control. See Henry v. State, 632 So.2d 676 (Fla. 2d DCA 1994).
Accordingly, in case 95-10252, we reverse Benjamin's sentence and remand for resentencing within the guidelines. In case 93-00603, we reverse the sentence and direct that the trial court sentence Benjamin to a guidelines sentence with a permitted one-cell bump for each violation of probation. In case 94-00603, we reverse the sentence with instructions that the trial court may not sentence Benjamin to a term greater than the five-year term previously suspended. Since Benjamin's sentences were the result of a plea agreement between Benjamin and the trial court, he should be given the opportunity to withdraw his pleas on remand. See Cohen, 667 So.2d at 439.
PARKER, A.C.J., and QUINCE, J., concur.