FRANK, Acting Chief Judge.
The State of Florida has appealed from a downward departure sentence imposed upon Christopher Scott. Because the departure reason was not supported by record evidence, we reverse.
Scott pleaded guilty to burglary and grand theft and admitted to the court that he had a drug problem. Defense counsel advised the court that a program called Team Challenge in Sanford, Florida, which boasted an 86% success rate, had bed space available if the court would order that disposition. After some discussion, the court placed Scott on concurrent terms of probation for the burglary and grand theft and ordered Scott to report to the Team Challenge program within thirty days. This represented a downward departure from a guidelines recommended sentence of up to fifty months in prison.
Totally absent from the sentencing discussion was any evidence that Scott was actually amenable to drug rehabilitation treatment. If anything, the court expressed skepticism about Scott’s potential for success. Although a downward departure sentence for drug addiction may be appropriate, there must be evidence to support the fact that the defendant exhibits the potential to be rehabilitated. § 921.0016(4)(d), Fla. Stat. (1995); State v. Cohen, 667 So.2d 438 (Fla. 2d DCA 1996). Without such evidence, mitigation is not justified, and we must remand for resen-tencing within the guidelines. See State v. Benjamin, 685 So.2d 1335 (Fla. 2d DCA 1996).
Reversed and remanded for sentencing within the guidelines.
LAZZARA and NORTHCUTT, JJ., concur.