PARKER, Judge.
The State of Florida appeals the downward departure sentence that the trial court imposed on Robert R. Carra upon revocation of probation. We affirm the reason set forth for the downward departure; however, we reverse the aggravated battery sentence because it was an illegal sentence. Additionally, because the trial court failed to impose a sentence for the resisting an officer with violence charge, we direct the trial court to impose judgment and sentence for this charge.
In January 1991, the trial court sentenced Carra as a habitual offender for two crimes. For aggravated battery, the trial court sentenced Carra to fifteen years’ imprisonment with ten years suspended during which time Carra was placed on probation. For resisting an officer with violence, the trial court sentenced Carra to ten years’ imprisonment with five years suspended with probation for five years. This sentence was concurrent with the aggravated battery sentence. In April 1996, Carra violated his probation and requested a downward departure sentence to allow him to attend a two-year residential drug treatment program. After hearing evidence regarding Carra’s failure in past programs and evidence regarding his need and amenability for treatment, the court agreed to accept Carra’s plea and sentenced him to fifteen years’ imprisonment suspended with five years’ probation, conditioned on Carra entering the residential program and successfully completing the program.
We conclude that the record supports the trial court’s downward departure based on Carra’s amenability for drug rehabilitation. Although there was argument that Carra was not successful in a previous mental health program, he did stay clean for two years. There was no evidence presented that the
*886 mental health program actually addressed his abuse problem. Additionally, he made application for the drug rehabilitation program and was accepted. There was evidence that this program was strict and that admission was difficult to obtain; accordingly, it cannot be said that the trial court erred by imposing a downward departure on this basis. See Herrin v. State, 568 So.2d 920, 922 (Fla.1990). Therefore, we affirm the reason for the downward departure.
However, we conclude that the trial court erred by imposing a fifteen-year suspended sentence for aggravated battery. In 1991, the trial court imposed a true split sentence. See Poore v. State, 531 So.2d 161, 164 (Fla.1988). Upon revocation of probation, the trial court cannot order incarceration that exceeds the remaining balance of the suspended term. Id.; see also State v. Benjamin, 685 So.2d 1335, 1336 (Fla. 2d DCA 1996). Accordingly, the new habitual offender suspended sentence of fifteen years’ imprisonment on the aggravated battery charge was illegal. On remand, the trial court cannot sentence Carra to a term greater than the ten-year term which the court originally suspended. Benjamin, 685 So.2d at 1335.
Finally, the record on appeal does not contain a written judgment and sentence for the resisting arrest charge. Upon remand, the trial court is directed to enter a judgment and sentence for this crime.
We affirm the trial court’s reason for the downward departure sentence. We reverse and remand for resentencing on the aggravated battery charge and sentencing on the resisting arrest charge.
CAMPBELL, A.C.J., and NORTHCUTT, J., concur.