711 So.2d 142 (1998)
William LAWTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00694.
District Court of Appeal of Florida, Second District.
May 8, 1998.
PER CURIAM.
William Lawton challenges the trial court's denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
After Lawton violated probation, the trial court imposed a sentence of five years' prison on the counts currently under attack, suspended the incarceration, and placed Lawton on supervision with special conditions. He again violated the terms of supervision, and the trial court imprisoned him for twelve years on those counts. The sentence of five years' imprisonment, suspended, constitutes a "true split sentence." See State v. Powell, 703 So.2d 444 (Fla.1997) (resolving conflicts among the districts and denominating as "true split sentences" both those in which the entire portion of the incarceration is suspended and those in which the period of supervision imposed consumes a shorter period than the suspended portion of the sentence). *143 Upon violation of his supervision, Lawton's exposure to a prison sentence was limited to five years. See Poore v. State, 531 So.2d 161, 164 (Fla.1988); State v. Carra, 695 So.2d 885 (Fla. 2d DCA 1997).
A sentence imposed which exceeds the suspended portion of a true split sentence is illegal. See Carra, 695 So.2d at 886; Silva v. State, 602 So.2d 694 (Fla. 2d DCA 1992). Relief is available to aggrieved prisoners from these illegal sentences by means of rule 3.800(a) motions. See Johnson v. State, 641 So.2d 970 (Fla. 2d DCA 1994); see also Evans v. State, 703 So.2d 1130 (Fla. 5th DCA 1997).
The trial court erroneously relied on Lee v. State, 666 So.2d 209 (Fla. 2d DCA 1995), to deny Lawton relief. In Lee, the trial court, in a proceeding before imposing the challenged prison sentence of twenty-two years, impermissibly placed Lee on probation for twenty-two years after he had violated the terms of supervision in a true split sentence for which he stood exposed to no more than seventeen years' incarceration or probation. This court rejected his attack on his twentytwo-year prison sentence because he had earlier accepted the benefit of twenty-two years' supervision when he could have successfully appealed it as exceeding his exposure of only seventeen years upon violation of his true split sentence. The trial court misread Lee by applying it to Lawton's facts where Lawton had accepted the benefits of nothing irregular in the prior history of the case.
We reverse for the trial court to revisit Lawton's motion in light of this opinion. If the trial court cannot append record attachments to a subsequent order denying Lawton relief which refute his claim, resentencing will be required.
Reversed.
FULMER, A.C.J., and GREEN and CASANUEVA, JJ., concur.