731 So.2d 60 (1999)
William A. LAWTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03284.
District Court of Appeal of Florida, Second District.
March 31, 1999.
PER CURIAM.
William Lawton, for the second time, challenges the trial court's denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Previously, this court reversed the trial court's order denying relief and remanded for further proceedings as the record attached to the trial court's order failed to refute the allegation in Lawton's motion. See Lawton v. State, 711 So.2d 142 (Fla. 2d DCA 1998). Now, as the State concedes, we are compelled to reverse and remand for resentencing because the trial court's second order and attachments fail to refute Lawton's claim that his sentence is illegal.
After Lawton violated a probationary sentence, the trial court imposed a sentence of five years' imprisonment, suspended the incarceration, and placed Lawton on supervision with special conditions. The sentence of five years' imprisonment, suspended, constitutes a "true split sentence." See State v. Powell, 703 So.2d 444 (Fla.1997) (holding both those sentences in which the entire portion of the incarceration is suspended, and those in which the period of supervision imposed is a shorter period than the suspended portion of the sentence, are "true split sentences"). Upon violation of his supervision, Lawton's exposure to a prison sentence was legally limited to five years. See Poore v. State, 531 So.2d 161, 164 (Fla.1988); State v. Carra, 695 So.2d 885 (Fla. 2d DCA 1997).
Subsequently, Lawton violated the terms of his supervision and the trial court imprisoned him for twelve years. Lawton then filed his first motion to correct illegal sentence, which the trial court denied. Lawton failed to appeal the trial court's order denying relief. He then filed a second motion to correct illegal sentence, *61 which the trial court again denied, both on its merits and as a successive motion. Lawton appealed this order.
On appeal of the second order denying relief, this court reversed and remanded for the trial court to revisit Lawton's motion in light of our determination that Lawton's sentence of five years was a true split sentence. Following remand, the trial court again denied Lawton relief. Explaining that Lawton was not entitled to relief, the trial court determined that he was procedurally barred because his current motion was successive to the denial of the identical issue in the previously filed motion which had not been appealed. This order is the subject of the present appeal.
Upon receipt of Lawton's second appeal, this court ordered a response from the State regarding the correctness of this court's determination that Lawton's five-year sentence was a true split sentence. The State was requested to indicate what the subsequent due process considerations were in barring relief to a defendant based upon successiveness of a motion to correct a patently illegal sentence. The State, in its response, concedes the error in Lawton's sentence. The response grants that Lawton's five-year sentence was a true split sentence and the twelve-year sentence following the revocation of probation was patently illegal. The State explains that although Lawton was not denied procedural due process through his own failure to appeal the erroneous denial of relief in his first motion to correct illegal sentence, he was denied substantive due process by the trial court's second erroneous denial. The State concedes the constitutional guarantee of substantive due process protects fundamental rights from governmental encroachment. Lawton's illegal sentence was a fundamental error which needs to be corrected despite the law of the case doctrine because the result is a manifest injustice to Lawton. Accordingly, we reverse the order denying relief to Lawton.
Reversed and remanded for resentencing.
PATTERSON, A.C.J., and CASANUEVA and SALCINES, JJ., Concur.