734 So.2d 468 (1999)
John W. STOUTAMIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 99-306.
District Court of Appeal of Florida, First District.
May 10, 1999.
*469 Appellant pro se.
Robert A. Butterworth, Attorney General; Charmaine Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of an order denying his motion, which was filed pursuant to Florida Rule of Criminal Procedure 3.850. We treat appellant's motion as one pursuant to Florida Rule of Criminal Procedure 3.800(a), and reverse with directions that the trial court address its merits.
In his motion, appellant alleges that he received "true split sentences" in four cases in February 1996. According to appellant, he received concurrent ten-year sentences in all four cases. In each case, the entire sentence was suspended on the condition that he successfully complete two years of community control. Appellant subsequently violated the terms of his community control and, according to him, in October 1996 the trial court revoked his community control and sentenced him to 25 years in prison in each case, the four sentences to run concurrently. Appellant claimed that, because the February 1996 ten-year sentences were "true split sentences," Poore v. State, 531 So.2d 161 (Fla. 1988), precluded the trial court from imposing sentences of longer than ten years following the revocation of his community control. The trial court denied relief because the February 1996 sentences (which were attached to the order) refuted appellant's claim and the claim should have been raised on direct appeal. This appeal follows.
This is the second time that the case has been in this court. Appellant filed a substantively identical motion, pursuant to rule 3.800(a), in 1997. The trial court denied the motion as not cognizable pursuant to that rule. On appeal, a different panel of this court affirmed, concluding that the motion "did not allege an illegal sentence." Stoutamire v. State, 710 So.2d 744 (Fla. 1st DCA 1998). However, the affirmance was "without prejudice to file a properly sworn rule 3.850 motion before the time expires to do so." Id. Although the motion now before us was timely filed, it was not sworn to. Therefore, it did not qualify for consideration pursuant to rule 3.850. E.g., Sugar v. State, 655 So.2d 1271 (Fla. 1st DCA 1995).
It is questionable whether this court's prior decision holding that appellant's motion could not be considered pursuant to rule 3.800(a), because it did not allege facts which, if true, would be sufficient to establish an illegal sentence, was correct at the time it was rendered. In Poore v. State, 531 So.2d 161 (Fla.1988), the court held that double jeopardy considerations preclude a trial court from imposing a sentence following revocation of the probationary portion of a "true split sentence" that exceeds the suspended portion of the original sentence. In Hopping v. State, 708 So.2d 263 (Fla.1998), decided some three months before this court affirmed in appellant's prior appeal, the court held that "where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal and can be reached at any time under rule 3.800." Id. at 265. Thus, it would appear that appellant's prior rule 3.800(a) claim was legally sufficient, and should have been considered on its merits. Any doubt about such a conclusion *470 was subsequently removed by State v. Mancino, 714 So.2d 429 (Fla.1998).
Relying upon this court's opinion in his prior appeal, appellant sought relief in the trial court pursuant to rule 3.850. His motion was legally insufficient pursuant to that rule because it was not sworn. However, "[t]he courts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so." Hall v. State, 643 So.2d 635, 636 (Fla. 1st DCA 1994). Accordingly, we analyze appellant's motion to determine whether it is legally sufficient pursuant to rule 3.800(a).
Appellant alleged that the February 1996 sentences were "true split sentences." He claimed that the trial court had imposed concurrent ten-year sentences, suspending all ten years subject to the condition that appellant successfully complete two years of community control. Copies of the February 1996 sentences attached to the trial court's order denying relief confirm their nature. Such sentences are, indeed, "true split sentences," as appellant claims. State v. Powell, 703 So.2d 444 (Fla.1997). Appellant further alleged that, following revocation of community control in October 1996, the trial court sentenced him to concurrent 25-year sentences. We cannot determine from the record before us whether this allegation is accurate. However, it is clearly one which can be proven or refuted by reference to the October 1996 sentences. Accordingly, we conclude that appellant's motion is legally sufficient pursuant to rule 3.800(a). See Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998).
We reverse and remand, with directions that the trial court address the merits of appellant's claim. If, as appellant asserts, he received 25-year sentences following revocation of his community control, those sentences would appear to be prohibited by Poore, requiring that the trial court resentence appellant to terms not exceeding ten years, with credit for any time previously served. See Lawton v. State, 711 So.2d 142 (Fla. 2d DCA 1998), on appeal following remand, 24 Fla. L. Weekly D847, 731 So.2d 60 (Fla. 2d DCA 1999).
REVERSED and REMANDED, with directions.
MINER, J., CONCURS.
LAWRENCE, J., CONCURS IN RESULT ONLY WITHOUT OPINION.