PARKER, Judge,
Dissenting.
I respectfully dissent. The State appealed the downward departure sentence imposed upon Franklin C. Higginbotham based upon the trial order listing as a departure reason Higginbotham’s need for substance addiction treatment and his amenability to rehabilitation. I conclude that the State is correct in its position that there is insufficient evidence to support the trial court’s finding that Higginbotham is amenable to rehabilitation.
In this case, the trial court could impose a sentence below the guidelines based on substance abuse and the defendant’s amenability to rehabilitation.[1] See Herrin v. State, 568 So.2d 920, 922 (Fla.1990). Although the defendant does not have to present expert evidence that he is amenable, there must be some evidence in the record to support the trial court’s conclusion that the defendant is amenable to rehabilitation. See id.
The only evidence regarding Higginbotham’s potential for rehabilitation was his own testimony. Higginbotham has been in and out of several rehabilitation programs and has never been successful in these programs. Accordingly, I conclude that it cannot be said that there was sufficient evidence to support the trial court’s downward departure sentence on this basis. See State v. Cohen, 667 So.2d 438 (Fla. 2d DCA 1996) (downward departure sentence reversed because there was insufficient evidence to support defendant’s amenability to rehabilitation). See also *597 State v. Scott, 693 So.2d 86 (Fla. 2d DCA 1997). I would reverse this case.

. Because his crimes were committed in 1996, it was proper for the trial court to consider Higginbotham's need for treatment for substance abuse. However, it should be noted that section 921.0016(5), Florida Statutes (1997), effective July 1, 1997, no longer allows a downward departure on this basis.