746 So.2d 574 (1999)
Richard Thomas CHAPPEL, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1376.
District Court of Appeal of Florida, First District.
December 21, 1999.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Richard Chappel appeals an order of the trial court revoking his probation and sentencing him to concurrent terms of four and one half years in prison for two counts of grand theft. Because we find Chappel's sentences to be illegal, we reverse.
On July 19, 1994, Chappel pled nolo contendere to two counts of grand theft and was sentenced to four years in prison, which was suspended in favor of three years probation. An affidavit of violation of probation was filed on October 26, 1998.[1] After a hearing on the affidavit, the trial court revoked Chappel's probation and sentenced him to concurrent terms of four and one half years in prison for the two grand theft charges.
We conclude that the maximum sentence Chappel could receive for a violation of his probation was four years in prison. Because the original sentence was a true split sentence as defined in Poore v. State, 531 So.2d 161 (Fla.1988), Chappel could not be sentenced on a subsequent violation of probation for a term greater than the term of the suspended sentence. See also Stoutamire v. State, 734 So.2d 468, 469 (Fla. 1st DCA 1999)(noting that "double jeopardy considerations preclude a trial court from imposing a sentence following revocation *575 of the probationary portion of a `true split sentence' that exceeds the suspended portion of the original sentence"). The sentence imposed by the trial court in this case exceeds the suspended sentence by six months. This sentence is illegal. See Stoutamire; Lawton v. State, 711 So.2d 142 (Fla. 2d DCA 1998), on appeal following remand, 731 So.2d 60 (Fla. 2d DCA 1999); Hopping v. State, 708 So.2d 263 (Fla.1998). Therefore, we reverse and remand for resentencing.
JOANOS, WEBSTER and PADOVANO, JJ., CONCUR.
NOTES
[1] An earlier affidavit of violation of probation resulted in the trial court restoring Chappel's probation and ordering him to serve six months in jail.