PER CURIAM.
Terry Van Royal appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Royal alleges that he received a true split sentence in which the court withheld imposition of a two-year prison sentence and placed Royal on two years of community control followed by two years of probation. Upon violating his probation, Royal was sentenced to five and one-half years’ prison.
If Royal’s explanation of his original sentence is accurate, then he is correct that he received a true split sentence. See State v. Powell, 703 So.2d 444 (Fla.1997) (clarifying that a true split sentence may be imposed in which the entire period of incarceration is suspended and in which the probationary period does not equal the suspended period); Poore v. State, 531 So.2d 161 (Fla.1988) (defining a true split sentence as one consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion).
Royal is also correct that upon violation of the probationary period of a true split sentence, the trial court could sentence him at most to the suspended portion of the sentence — in this case two years. See Poore. The five and one-half year sentence would thus be illegal. See Lawton v. State, 731 So.2d 60 (Fla. 2d DCA 1999).
The trial court denied this claim stating that Royal did not receive a true split sentence but simply received a straight probationary sentence of two years’ community control followed by two years’ probation. In support of this conclusion, the trial court attached the written sentencing document. That document does not, however, refute Royal’s claim that he received a suspended sentence. In fact, although it is somewhat ambiguous, it suggests that Royal is correct that he was sentenced to two years’ prison, which was suspended, and two years of community control followed by two years’ probation.
Therefore, we reverse the trial court’s order on this point and remand for further proceedings. On remand, the trial court should review the oral pronouncement of sentence to determine whether a true split sentence was imposed. See, e.g., A.S. v. State, 714 So.2d 1038 (Fla. 2d DCA 1998) (holding that where there is a difference between the court’s oral pronouncement and the written order, the oral pronouncement controls). If in fact a true split sentence was imposed, as alleged by Royal, then he must be resentenced to a total sentence of no more than two years. We affirm the balance of the trial court’s order without comment.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and SALCINES and STRINGER, JJ., Concur.