801 So.2d 216 (2001)
Eric LEATHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3817.
District Court of Appeal of Florida, Second District.
December 5, 2001.
*217 BLUE, Chief Judge.
Eric Leathers challenges the order of the trial court denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part, reverse in part, and remand for further proceedings.
In the title to the single ground in his motion, Leathers alleged that his sentence was illegal because the trial court, upon revocation of probation, imposed a greater prison sentence than the suspended prison sentence that was originally imposed. This claim is cognizable in a rule 3.800(a) motion. See Royal v. State, 760 So.2d 236 (Fla. 2d DCA 2000). In the body of the motion, Leathers claimed that his prison sentence was in excess of the suspended sentence because he was not given prison credit for the time he spent on probation prior to the revocation. Leathers is not entitled to such credit, and we affirm the trial court's denial of this claim. See Mozone v. State, 777 So.2d 1207 (Fla. 3d DCA 2001). However, both Leathers' motion and the trial court's order indicated that Leathers was initially placed on probation for five years with a suspended prison sentence of 47.5 months and that a 48.6-month prison sentence was imposed upon revocation of probation. In its order the trial court stated that Leathers was properly sentenced to 48.6 months' prison because of the "bump up" for violation of probation. The trial court is incorrect. When a trial court imposes a suspended prison sentence and places the defendant on probation, upon revocation of probation, the trial court can only sentence the defendant at most to the suspended portion of the sentence. See Royal. We therefore reverse that portion of the trial court's order that denies this claim. On remand, if the trial court again denies this claim, it shall attach those portions of the record that conclusively refute the claim. Otherwise, it shall resentence Leathers to no more than the suspended portion of the sentence.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and NORTHCUTT, JJ., Concur.