PER CURIAM.
 

 James Green appeals his twenty-five year sentence for burglary of a dwelling during which he committed an assault, see section 802.02(2)(a), Florida Statutes (2000), and sexual battery, imposed after he violated his probation. He contends that, in 2005, he was given a true split sentence “consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion.”
 
 Poore v. State,
 
 531 So.2d 161, 164 (Fla.1988). He argues that, since a true split sentence was imposed, upon his subsequent violation of probation in 2006 he could not be sentenced to a term greater than the term of the suspended sentence, which was 131 months.
 
 Chappel v. State,
 
 746 So.2d 574 (Fla. 1st DCA 1999). The State correctly concedes that the trial court erred in the sentence imposed on violation of probation and that we must remand this case for resentencing.
 

 [Wjhen a sentencing court imposes a true split sentence, the judge has effectively sentenced the defendant in advance for a probation violation and is not later permitted to change his or her mind. Upon revocation of probation, the court may not order the defendant incarcerated for a period exceeding the suspended portion because to do so would be a violation of the double jeopardy clause.
 

 Mack v. State,
 
 823 So.2d 746, 748 n. 3 (Fla.2002) (citation omitted);
 
 accord
 
 
 *45
 

 Leathers v. State,
 
 801 So.2d 216, 217 (Fla. 2d DCA 2001) (“When a trial court imposes a suspended prison sentence and places the defendant on probation, upon revocation of probation, the trial court can only sentence the defendant at most to the suspended portion of the sentence.”).
 

 REVERSED and REMANDED for re-sentencing.
 

 VAN NORTWICK, and PADOVANO, JJ., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.